AVALEE V. SOTHEN

*v.*

CONTINENTAL ASSURANCE CO., *et al.*

(No. 12138)

Submitted September 11, 1962. Decided December 11, 1962.

*Gene Hal Williams, Arthur T. Ciccarello,* for appellant.

*John L. Detch, Andrew Detch,* for appellee.

CAPLAN, JUDGE:

Plaintiff, Avalee V. Sothen, instituted this civil action in the Circuit Court of Greenbrier County to recover from the defendant, Continental Assurance Company, a corporation, the benefits of a certain life insurance policy. The policy designating plaintiff as the primary beneficiary had been issued on the life of her husband, Wilbur E. Sothen, the decedent. Also named as defendants were C. P. Neal, administrator of the estate of Wilbur E. Sothen and Wilbur G. Sothen, son of the deceased insured. Defendant, Wilbur G. Sothen, was named as secondary beneficiary in this insurance policy, the terms of which provided that if Avalee V. Sothen should predecease her husband or should die before the proceeds thereof were exhausted, then the proceeds or remainder thereof should be paid to said defendant.

The defendants filed their separate answers to the bill of complaint. Subsequently, defendant C. P. Neal announced to the court that he had no interest in the litigation and, upon motion, was dismissed as a party to this action.

In his answer defendant, Wilbur G. Sothen, asserts that the plaintiff forfeited any right which she had to share in the proceeds of the policy, for the reason that the death of her husband was caused by a gunshot wound inflicted by her. He further alleges that the plaintiff had been indicted for murder by a grand jury of Greenbrier County; that she entered a plea of not guilty; and that she later withdrew that plea and entered a plea of guilty to a charge of involuntary manslaughter.

Defendant, Continental Assurance Company, also asserts that by reason of the unlawful shooting of the insured by the plaintiff, resulting in the insured's death, the plaintiff is barred from recovery under the policy.

In her reply to the answers of the defendants, plaintiff admits that her husband died as a result of a gunshot wound inflicted by her. She avers, however, that such wound was not inflicted intentionally nor in such manner as to bar her recovery under the policy.

Upon the issues so joined the jury rendered a verdict in favor of the plaintiff. Judgment on the verdict was entered by the court on December 8, 1960, although the judgment order is erroneously dated December 7, 1960. Upon motion of the defendant, Wilbur G. Sothen, the jury was polled, the court accepted the verdict and the jury was discharged. On December 20, 1960, the court below received from the defendant, Wilbur G. Sothen, a motion for a new trial and motion to set aside the verdict and judgment entered pursuant thereto. Both of these motions were overruled by the trial court by its order dated January 21, 1961.

On September 21, 1961, Wilbur G. Sothen filed a petition in this Court seeking a writ of error to the alleged final judgment of the Circuit Court of Greenbrier County, entered on January 21, 1961. This Court, on October 16, 1961, granted the writ. Counsel for plaintiff below moved to dismiss the appeal and this Court continued the hearing on that motion until such time as oral argument on the merits of the case was heard.

Among other grounds in support of the motion to dismiss this appeal, the plaintiff asserts that the petition for a writ of error was not timely filed. We must here determine whether the computation of time for appeal commenced on December 8, 1960, the date of the judgment order, or on January 21, 1961, the date on which the order denying the motion for a new trial was entered. If the time is computed from the date of the judgment order, the appeal was not timely filed and the motion to dismiss the appeal must be granted. Computation of time from January 21, 1961, would make this appeal timely.

In relation to the time within which an appeal must be made, Chapter 58, Article 5, Section 4, Code, 1931, provides: "No petition shall be presented for an appeal from, or writ of error or supersedeas to, any judgment, decree or order, whether the State be a party thereto or not, which shall have been rendered or made more than eight months before such petition is presented." The judgment order in the instant action was entered on December 8, 1960. On December 20, 1960, the defendant, Wilbur G. Sothen, filed a motion to set aside the verdict of the jury and judgment entered thereon, and a motion for a new trial. The trial court, on January 21, 1961, entered an order overruling such motions, one reason therefor being that "said motions were not timely made within ten (10) days of December 7, 1960, the date of the entry of the judgment in this case * * *". The defendant contends that the time for appeal should be computed from January 21, 1961.

It now becomes essential to examine the applicable Rules of Civil Procedure to determine whether the eight months appeal period began on December 8, 1960, or on January 21, 1961. R.C.P., Rule 72, provides, in part, as follows: "The full time for filing a petition for appeal commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules * * * or granting or denying a motion for a new trial under Rule 59." R.C.P., Rule 59 (b) provides: "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." That the ten day period may not

be enlarged is expressed with crystal clarity by the following language in R.C.P., Rule 6(b): "* * * but neither the court nor the parties may extend the time for taking any action under Rules 50(b), 52(b), 59(b), (d) and (e), and 60(b), except to the extent and under the conditions stated in them."

The rules further provide that the trial court shall promptly approve the form of the judgment and sign it as authority for entry by the clerk. Upon receipt of the final judgment the clerk shall enter it in the civil docket. The notation of the judgment in the civil docket constitutes the entry of the judgment, which is not effective before such entry. The entry of judgment shall not be delayed for the taxing of costs or to permit a motion for a new trial. See R.C.P., Rule 58.

The defendant, Wilbur G. Sothen, argues that by reason of the failure of the clerk, in the court below, to notify him of the entry of the judgment in accordance with the provisions of R.C.P., Rule 77(d), the time allowed for appeal should be extended. While Rule 77(d) does provide that the clerk shall serve by mail a notice of entry of the judgment, the last sentence thereof qualifiies that requirement as follows: "* * * Lack of notice of the entry by the clerk does not affect the time to appeal or relieve or authorize the court to relieve a party for failure to appeal within the time allowed."

The motion for a new trial and the motion to set aside the verdict were not timely filed and, in view of the pertinent provisions of R.C.P., Rule 72, heretofore quoted, the order of January 21, 1961, overruling said motions can not be the final order from which an appeal may be taken. In other words, the motion to set aside the judgment is one of the motions enumerated under Rule 72. If that motion was not timely made, and we have found that it was not, the order entered pursuant to such an untimely motion can not be the order from which the time for appeal is computed. When none of the motions mentioned in Rule 72 is made timely, the time for appeal is computed from the entry of the judg-

ment. Lugar & Silverstein, W. Va. Rules p. 513. See also Moore's Federal Practice, Volume 7, Rule 72, p. 3009.

In view of the foregoing, December 8, 1960, the day on which the judgment order was entered, is the date from which the allowable appeal period must be computed. More than eight months having elapsed between the entry of the judgment order and the filing in this Court of the petition for a writ of error, the motion of plaintiff to dismiss is granted, and the writ of error heretofore awarded is dismissed as having been improvidently awarded. See *Monongahela Power Co.* v. *Shackelford, et al.*, 142 W. Va. 760, 98 S. E. 2d 722; *Gaymont Fuel Co., et al.* v. *Price, Adm'r., et al.*, 138 W. Va. 930, 79 S. E. 2d 96; Chapter 58, Article 5, Section 4, Code of 1931, and cases cited in the annotation thereto.

*Writ of error*
*dismissed as*
*improvidently awarded.*