313 S.E.2d 449

**CITY OF KEYSTONE, a Municipal Corporation**

**v.**

**WEST VIRGINIA HUMAN RIGHTS COMMISSION, An Administrative Agency and Marshall Johnson.**

**No. 15826.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 18, 1984.

Decided March 2, 1984.

Chauncey H. Browning, Jr., Atty. Gen., Gail Ferguson, Asst. Atty. Gen., Joseph Edward Kenna, Sp. Asst. Atty. Gen., Charleston, for appellant.

Grover C. Goode, Welch, for appellee.

PER CURIAM:

This action is before this Court upon the appeal of the West Virginia Human Rights Commission (hereinafter "Commission") and Marshall Johnson, the appellants, from the final order of the Circuit Court of McDowell County wherein that court reversed the findings and order of the Commission when the latter determined that the City of Keystone, the appellee, was guilty of unlawful discriminatory practices under The West Virginia Human Rights Act, *as amended, W.Va.Code,* 5–11–1 *et*

*seq.*[1] The appellee has moved this Court to dismiss this appeal as improvidently awarded upon the ground that the appellants failed to file their petition for appeal within the eight-month time limitation as prescribed by *W.Va.Code,* 58–5–4 [1973], and Rule 3(a) of the Rules of Appellate Procedure West Virginia Supreme Court of Appeals, thereby depriving this Court of jurisdiction to grant the appellant relief.

The central issue of the motion is the date upon which the final order of the Circuit Court of McDowell County was entered. The appellants contend that in January, 1982, they received from the clerk of the circuit court what purported to be a copy of the final order of the circuit court, dated January 12, 1982, however, it was not a certified copy. *See W.Va.Code,* 57–1–7 [1931]; *W.Va.R.Civ.P.* 44. The record clearly indicates that the final order of the Circuit Court of McDowell County, in which the circuit court reversed the findings and order of the Commission, was entered on September 10, 1981.

Discussing a predecessor to *W.Va.Code,* 58–5–4 [1973], this Court held in syllabus point 1 of *Sothen v. Continental Assurance Co.,* 147 W.Va. 458, 128 S.E.2d 458 (1962):

> Under Section 4, Article 5, Chapter 58, Code, ... no appeal or writ of error can be entertained by this Court from any appealable judgment, decree or order which has been rendered more than eight months before a petition for appeal or writ of error was presented. An appeal or writ of error granted by this Court upon a judgment, decree or order rendered more than eight months prior to the presenting of the petition for such appeal to this Court will be dismissed as improvidently awarded.

*See Asbury v. Mohn,* 162 W.Va. 662, 256 S.E.2d 547 (1979); *State ex rel. Johnson v. McKenzie,* 159 W.Va. 795, 226 S.E.2d 721 (1976); *Dixon v. American Industrial Leasing Co.,* 157 W.Va. 735, 205 S.E.2d 4 (1974); *State v. Legg,* 151 W.Va. 401, 151 S.E.2d 215 (1966).

Therefore, inasmuch as the final order of the Circuit Court of McDowell County was entered more than eight months prior to the filing of the appellant's petition for appeal, which petition was filed with this Court on September 27, 1982, and because the appellants did not seek sufficient extensions of time as provided by *W.Va.Code,* 58–5–4 [1973], and Rule 3(a) of the Rules of Appellate Procedure West Virginia Supreme Court of Appeals,[2] this appeal is hereby dismissed as improvidently awarded.

Dismissed.

1. This appeal has been brought pursuant to *W.Va.Code,* 29A–6–1 [1964], of the West Virginia Administrative Procedure Act which provides as follows:

> Any party adversely affected by the final judgment of the circuit court under this chapter may seek review thereof by appeal to the supreme court of appeals of this State, and jurisdiction is hereby conferred upon such court to hear and entertain such appeals upon application made therefor in the manner and within the time provided by law for civil appeals generally.

2. The grounds upon which an extension for filing such petition for appeal may be granted are as follows:

> Provided, that the judge of the circuit court may, prior to the expiration of such period of eight months, by order entered of record extend and reextend such period for such addi-

tional period or periods, not to exceed a total extension of four months, as in his opinion may be necessary for preparation of the transcript, if the request for such transcript was made by the party seeking such judicial review within sixty days of the entry of such judgment, decree or order. Such judge may also extend and reextend such period for such additional period or periods of time not to exceed a total extension of four months, upon petition made prior to the expiration of the initial eight month period for good cause shown and if the request for such transcript was made by the party seeking such judicial review within sixty days of the entry of such judgment, decree or order.

*W.Va.Code,* 58–5–4 [1973]. *See also* Rule 3(a) of the Rules of Appellate Procedure West Virginia Supreme Court of Appeals.