459 S.E.2d 359

194 W.Va. 82

**Donald C. McCORMICK, Plaintiff Below, Appellant,**

v.

**ALLSTATE INSURANCE COMPANY and David Dailey, Defendants Below, Appellees.**

No. 22551.

Supreme Court of Appeals of West Virginia.

Submitted May 10, 1995.

Decided June 15, 1995.

James C. Peterson, Harry G. Deitzler, Hill, Peterson, Carper, Bee & Deitzler, Charleston, for appellant.

Charles M. Love III, Benjamin L. Bailey, Bowles Rice McDavid Graff & Love, Charleston, for appellees.

CLECKLEY, Justice:

The plaintiff below and the appellant herein, Donald C. McCormick, brings this appeal from a letter dated May 20, 1994, issued by the Circuit Court of Kanawha County, in which the trial court indicated it would not "re-edit or modify its order of May 18, 1994." The trial court's letter further advised the parties that they may appeal the order if they so desire. The May 18, 1994, order stated the plaintiff did not substantially prevail in the first stage of a bifurcated trial with regard to compensatory damages; therefore, the trial court entered judgment for the defendants on the second stage of the trial in which the plaintiff sought punitive damages. The plaintiff alleged the defendants breached the statutory duties imposed upon them by the West Virginia Unfair Trade Practices statutes, W.Va.Code, 33–11–1, *et seq.* The order also denied the defendants' below and appellees' herein, Allstate Insurance Company's and David Dailey's, motion for a judgment notwithstanding the verdict and, in the alternative, their motion for a new trial.[1] On appeal, the plaintiff raises several assignments of error to which the defendants respond and make cross-assignments of error.

After the trial court issued its May 20, 1994, letter stating it would not "re-edit or modify" its previous order, the parties, nevertheless, continued to file extensive motions in the trial court. For instance, on May 27, 1994, the defendants filed a motion for a new trial pursuant to Rule 59(a) of the West Virginia Rules of Civil Procedure.[2] On June 3, 1994, the plaintiff filed a supplemental motion requesting a rehearing and reconsideration of the trial court's May 18, 1994, order. The defendants then filed, on June 15, 1994, a response to the plaintiff's motion. Although the trial court has not ruled on these motions, the plaintiff asserted during oral argument before this Court that we should consider the letter dated May 20, 1994, as the final order for purposes of hearing this appeal. The defendants acknowledged during oral argument that no final judgment order has been entered. After reviewing the record, we find this case was improvidently granted and this Court lacks jurisdiction to entertain the merits of the parties' arguments because there has been no final judgment order entered by the trial court.

Our decision on this matter is controlled by our recent decision of *James M.B. v. Carolyn M.,* 193 W.Va. 289, 456 S.E.2d 16 (1995). In *James M.B.,* the plaintiffs, *pro se,* filed a "motion for reconsideration" in the

---

1. We also find neither the May 18, 1994, order nor the May 20, 1994, letter actually entered the jury verdict in favor of the plaintiff in the total amount of $995.

2. Rule 59(a) provides:

"**Rule 59. New Trials; Amendment of Judgments.** (a) *Grounds.*—A new trial may be granted to all or any of the parties and on all or part of the issues (1) in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law; and (2) in an action tried without a jury, for any of the reasons for which rehearings have heretofore been granted in suits in equity. On a motion for a new trial in an action tried without a jury, the court may open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new findings and conclusions, and direct the entry of a new judgment."

circuit court requesting it reexamine its prior order dated June 30, 1994. Before the circuit court ruled on the "motion for reconsideration," the plaintiffs, again *pro se,* brought an appeal to this Court of the June 30, 1994, order. As a result of the pending motion, we dismissed the appeal as improvidently granted.

■ We began our discussion in *James M.B.* by declaring this Court has a duty to examine its own jurisdictional authority even if it is not raised by the parties. In Syllabus Points 1 and 2, we stated:

"1. A court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case. This Court's jurisdictional authority is either endowed by the West Virginia Constitution or conferred by the West Virginia Legislature. Therefore, this Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction.

"2. Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking."

Thus, given the procedural history in the present case, we are obligated to first determine if we have jurisdiction to entertain the merits of the appeal.

■ To determine whether this Court has jurisdiction, we further held in Syllabus Point 3 of *James M.B.:*

"Under W.Va.Code, 58–5–1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." [3]

As we concluded in *James M.B.,* only a final decision by a circuit court, with few exceptions, may be appealed.[4] "This rule, commonly referred to as the 'rule of finality,' is designed to prohibit 'piecemeal appellate review of trial court decisions which do not terminate the litigation[.]' " *James M.B.,* 193 W.Va. at 292, 456 S.E.2d at 19, *quoting United States v. Hollywood Motor Car Co., Inc.,* 458 U.S. 263, 265, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754, 756 (1982). Therefore, our inquiry in the present case must be whether the motions filed in the trial court after the trial court's order dated May 18, 1994, and the letter dated May 20, 1994, suspended the finality of the judgment and made it unripe for appeal.

In this case, the defendants filed their motion for a new trial on May 27, 1994, which was within the ten-day requirement of Rule 59(b).[5] Even if we determine the letter dated May 20, 1994, was not an "order," *per se,* and we only consider the order dated May 18, 1994, as the "final order" entered in this case, the defendants still timely filed their motion for a new trial within the ten-day period. In addition, we find that some of the issues the defendants raise in their motion for a new trial are identical and may be dispositive of the issues they now raise on appeal. For instance, the defendants assert both in their motion before the trial court and in this appeal by cross-assignment of error that the jury's verdict is contrary to the law, the jury's verdict is contrary to the evidence, and the jury was instructed erroneously with regard to the meaning of the phrase "actual cash value."

3. In relevant part, W.Va.Code, 58–5–1, provides:

"A party to a controversy in any circuit court may obtain from the supreme court of appeals, or a judge thereof in vacation, an appeal from, or a writ of error or supersedeas to, a judgment, decree or order of such circuit court in the following cases: (a) In civil cases where the matter in controversy, exclusive of costs, is of greater value or amount than one hundred dollars, wherein there is a *final judgment, decree or order*[.]" (Emphasis added).

4. We recognized in note 3 of *James M.B.,* 193 W.Va. at 292–93, 456 S.E.2d at 19–20, that this Court has the authority to "address specific issues that arise by writs of prohibition, certified questions, or by judgments rendered under Rule 54(b) of the West Virginia Rules of Civil Procedure."

5. Rule 59(b) provides: *Time for motion.*—A motion for a new trial shall be served not later than 10 days after the entry of the judgment."

Moreover, on June 3, 1994, the plaintiff filed a supplemental motion with the trial court for a rehearing and reconsideration of its May 18, 1994, order. The plaintiff alleged the trial court imposed artificial requirements on an insured's duty during settlement negotiations which affected the plaintiff's ability to be declared to have "substantially prevailed" at the first stage of the trial. It is obvious from the plaintiff's opening paragraph in his supplemental motion that he did not believe the litigation before the trial court had ended. He begins his motion by stating: "Presently pending before [the trial court] is plaintiff's initial Motion for Rehearing and Reconsideration on entry of [the trial court's] Order relating to Post–Trial Motions to which the plaintiff would like to append this Supplemental Motion for Rehearing and Reconsideration on the issue raised above." [6] Like the defendants' motion, the plaintiff raises issues in his supplemental motion that would be dispositive of some of the issues brought to this Court on appeal if the trial court ruled in his favor. The primary issue therein being whether the plaintiff "substantially prevailed" at the first stage of the trial and, therefore, is able to proceed to the second stage for punitive damages.

In *James M.B.*, we determined that when there is a pending motion made under Rule 59(e) of the West Virginia Rules of Civil Procedure, the finality of the judgment is suspended. As previously mentioned, a judgment is final only if the litigation is terminated on the merits and there is nothing left to be done except to enforce the judgment. *See also* Charles A. Wright & Arthur R. Miller, 11 *Federal Practice and Procedure: Civil* § 2821 at 136 (1973) (if a

motion is timely made under Rule 59 of the Federal Rules of Civil Procedure and has not been disposed of by the trial court, "the case lacks finality. For that reason, the subsequent filing of a notice of appeal is a nullity and does not deprive the trial court of power to rule on the motion." (Footnote omitted)).

Upon review of the facts, we determine the trial court retained its jurisdiction over this case as a result of the pending Rule 59(a) motion filed by the defendants. In addition, it is clear that at the time the defendants and the plaintiff filed their motions both the parties believed the litigation was not complete at the trial level and the trial court retained jurisdiction over the case. Merely because the trial court did not rule upon the pending motions does not strip it of its authority to do so and give this Court jurisdiction to entertain a direct appeal. To hold otherwise would divest a trial court of its right to decide issues that may make an appeal unnecessary. We decline to endorse a position that would permit duplicative litigation of issues at the trial level at the same time the issues are on appeal to this Court. In fact, as we concluded in *James M.B.*, 193 W.Va. at 295, 456 S.E.2d at 22, such a result is "entirely consistent with, and perhaps required by W.Va.Code, 58–5–1." Thus, we conclude that a motion made pursuant to Rule 59(a) and filed within ten days of judgment being entered suspends the finality of the judgment and makes the judgment unripe for appeal. When the time for an appeal is so extended, its full length begins to run from the date of entry of the order disposing of the motion. *Compare* Syl. pt. 7, *James M.B.*[7]

---

**6.** It is difficult for us to determine when the plaintiff's initial motion for rehearing and reconsideration of the trial court's order was filed. There is nothing in the index to the voluminous record in this case that indicates when this initial motion was filed. In addition, scanning the record chronologically, we cannot find a written motion by the plaintiff filed between the May 18, 1994, order and the "supplemental" motion filed on June 3, 1994. As a result of our finding that the defendants' motion was timely filed under Rule 59(a) and (b), we need not determine if the plaintiff's initial motion also was timely filed. We do mention, however, that if it was timely filed it would be considered a motion made pursuant to Rule 59(e) of the West Virginia Rules of

Civil Procedure. As we stated in Syllabus Point 1 of *Lieving v. Hadley*, 188 W.Va. 197, 423 S.E.2d 600 (1992): "A motion to amend or alter judgment, even though it is incorrectly denominated as a motion to 'reconsider', 'vacate', 'set aside', or 'reargue' is a Rule 59(e) motion if filed and served within ten days of entry of judgment."

**7.** We used identical language with regard to Rule 59(e) in Syllabus Point 7 of *James M.B.*, which states:

"A motion for reconsideration filed within ten days of judgment being entered suspends the finality of the judgment and makes the judgment unripe for appeal. When the time

For the foregoing reasons, we determine this case was improvidently granted, and we dismiss this case without prejudice.

Dismissed.

BROTHERTON and RECHT, JJ., did not participate. MILLER, Retired J., and FOX, Judge, sitting by temporary assignment.

for appeal is so extended, its full length begins to run from the date of entry of the order disposing of the motion."

Our holding as to the running of the appeal period is consistent with our prior decisions. See Syl. pt. 1, in part, *Abdulla v. Pittsburgh and Weirton Bus Co.*, 158 W.Va. 592, 213 S.E.2d 810 (1975) ("when an appellant has moved seasonably for appropriate relief under *Rules* 50(b), 52(b) or 59, the appeal time is extended by *Rule* 72 and commences to run from the entry of the order granting or denying such motions"); *Mooney v. Barton*, 155 W.Va. 329, 334, 184 S.E.2d 322, 325 (1971) (finding no merit to an argument that the trial court's delay in entering an order which denied a timely filed motion for a new trial should be considered by this Court as entered *nunc pro tunc* to a date nearly six months earlier. We reasoned that a party who seeks to bring an appeal cannot be denied "this right by the failure of the trial court, for whatever reason, to enter a timely order or some memorandum of the action taken from which a party may have a right to appeal. Otherwise the appealable order might be withheld for over the eight-months' appeal period."