472 S.E.2d 409

Floyd K. CRONIN, Petitioner
Below, Appellee,

v.

Lindsey BARTLETT, Joseph L. Hoff, Guy
R. Ireland, Louis Mahaney, and Shelby
Vanscoy, in their Official Capacities as
Members of the Board of Education of
Ritchie County, and F. Dixon Law, Su-
perintendent of Ritchie County Schools,
Respondents Below, Appellants.

No. 22969.

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 9, 1996.

Decided March 1, 1996.

J. Greg Goodykoontz, Carolyn A. Wade,
Steptoe & Johnson, Clarksburg, for Appel-
lants.

Ira M. Haught, Harrisville, for Appellee.

PER CURIAM:

This appeal is before this Court from the
final order of the Circuit Court of Ritchie
County, West Virginia, entered on January
17, 1995. The case below was a mandamus
proceeding in which the appellee, Floyd K.
Cronin, was awarded damages representing
a pay differential for a three-year period
between his employment as Vocational and
Child Nutrition Director with the Board of
Education of Ritchie County and the position
of Assistant Superintendent of Ritchie Coun-
ty Schools. The appellants are the members
of the Board of Education of Ritchie County
and the Superintendent of Ritchie County
Schools.

This Court has before it the petition for
appeal, the briefs of counsel and all matters
of record. We granted this appeal by order
entered on June 28, 1995, subject to the right
of the appellee, as expressed in our earlier
order of June 1, 1995, to "raise the issue of
jurisdiction" with regard to the timeliness of
the appeal. A careful examination of the
record confirms that the appeal is untimely.
We therefore dismiss this appeal as improvi-
dently awarded.

I

The appellee was employed in a profes-
sional capacity by the Board of Education of
Ritchie County as Vocational and Child Nu-
trition Director. In early 1986, an opening

arose in the position of Assistant Superintendent of Ritchie County Schools. Upon the recommendation of the county superintendent, the Board of Education of Ritchie County awarded the position of assistant superintendent to an individual by the name of Michael Been. The record is undisputed, however, that contrary to the provisions of *W.Va.Code,* 18A–4–8b [1983], then in effect, a notice of the opening was never posted by the Board. Mr. Been's employment as assistant superintendent began on July 1, 1986, for the 1986–1987 school year.

The appellee testified that upon learning of Mr. Been's appointment, he discussed a salary increase for himself and for other Board professionals with the county superintendent. The salary increase proposed by the appellee, however, was never placed into effect. Subsequently, in June 1987, the appellee filed a petition for a writ of mandamus in the circuit court, seeking the position which had been awarded to Mr. Been. In 1989, the appellee retired from his employment with the Board of Education of Ritchie County.

On April 23, 1993, an evidentiary hearing was conducted by the circuit court. Following the hearing, the circuit court entered an order awarding the appellee damages from the appellants. Specifically, the damages consisted of the pay differential for the 1986–1987, 1987–1988 and 1988–1989 school years between the appellee's employment as Vocational and Child Nutrition Director with the Board and the position of assistant superintendent. Also awarded to the appellee were court costs and attorney fees.

Thereafter, the appellants filed a Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, For a New Trial. *W.Va.R.Civ.P.* 50(b) and 59. That motion was denied, however, pursuant to the final order entered on January 17, 1995. The appellants also filed a motion to stay pending appeal with the circuit court. *W.Va.R.Civ.P.* 62. However, the motion to stay was never scheduled for hearing or ruled upon by the circuit court. The appeal from the final order of January 17, 1995, was filed in the office of the Clerk of the Circuit Court of Ritchie County on May 25, 1995. As indicated above, we granted this appeal on June 28, 1995.

## II

The time for appeal to this Court is set forth in Rule 3 of the West Virginia Rules of Appellate Procedure. As Rule 3(a) states:

No petition shall be presented for an appeal from, or a writ of supersedeas to, any judgment, decree or order, which shall have been rendered more than four months before such petition is filed in the office of the clerk of the circuit court where the judgment, decree or order being appealed was entered, whether the State be a party thereto or not; provided, that the judge of the circuit court may for good cause shown, by order entered. of record prior to the expiration of such period of four months, extend and reextend such period, not to exceed a total extension of two months[.]

*See* syl. pt. 1, *Coonrod v. Clark,* 189 W.Va. 669, 434 S.E.2d 29 (1993), recognizing the four-month appeal period and the requirement that the petition for appeal must be filed with the clerk of the circuit court.

The appellee contends that inasmuch as the appeal period in this case ended on May 17, 1995, the filing of the petition for appeal with the circuit clerk on May 25, 1995, was untimely, and, therefore, this appeal should be dismissed. *See W.Va.R.App.P.* 18(a). The appellants, on the other hand, contend that the lateness in filing the appeal was due to an insubstantial miscalculation of the running of the appeal period which should be overlooked by this Court. It should be noted, however, that, Rule 3(a) notwithstanding, the appellants never requested an extension to file the petition for appeal prior to the expiration of the four-month appeal period.

The final order in this case was entered on January 17, 1995, and consisted of a denial of the appellants' Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, For a New Trial. That motion was purportedly filed by the appellants pursuant to *W.Va.R.Civ.P.* 50(b) and 59. Nevertheless, inasmuch as this case originated in the circuit court upon a petition for a writ of mandamus, the propriety of filing that partic-

ular motion is doubtful. As indicated in *W.Va.R.Civ.P.* 81(a)(5), the West Virginia Rules of Civil Procedure generally do not apply to mandamus cases. Even so, the parties, as well as the circuit court, have referred to the evidentiary hearing of April 23, 1993, as a "trial," although no jury was utilized and no "verdict" was rendered. Thus, the posture of this case, as presented to this Court for review, is somewhat problematic.

■ Even in view of the procedure advanced by the appellants, however, which we do not sanction herein, the appeal is untimely. Pursuant to *W.Va.R.Civ.P.* 72, the time for the filing of a petition for appeal "commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: Granting or denying a motion for judgment under Rule 50(b) ... or granting or denying a motion for a new trial under Rule 59." Syl. pt. 2, *Sothen v. Continental Assurance Co.,* 147 W.Va. 458, 128 S.E.2d 458 (1962). *See also* Lugar & Silverstein, *West Virginia Rules of Civil Procedure,* p. 513 (1960): "If any of the motions mentioned [in Rule 72] is made timely, the full time for appeal commences to run and is to be computed from the entry of the order granting or denying the motion." Here, it is undisputed that the order denying the appellants' Motion for Judgment Notwithstanding the Verdict, or, in the Alternative, For a New Trial was entered on January 17, 1995. Consequently, the appeal period, which the appellants did not seek to extend within the requirements of *W.Va.R.App.P.* 3(a), expired on May 17, 1995, and the petition for appeal filed in the office of the Clerk of the Circuit Court of Ritchie County on May 25, 1995, was untimely.

■ In the syllabus point of *Angelo v. Rodman Trust,* 161 W.Va. 408, 244 S.E.2d 321 (1978), this Court held: "When an appeal has been granted and it appears from the face of the record that it was improvidently awarded, the case will be dismissed." Syl. pt. 3, *State v. Jones,* 178 W.Va. 627, 363 S.E.2d 513 (1987); syllabus, *City of Keystone v. Human Rights Commission,* 173 W.Va. 172, 313 S.E.2d 449 (1984); syl. pt. 1, *Sothen, supra.* In the *City of Keystone* case, we noted, in holding that an appeal to this Court

was untimely, that the appellants had not obtained "sufficient extensions of time" to file the appeal. 173 W.Va. at 173, 313 S.E.2d at 450.

In this case, the assertion of the appellants that the miscalculation of the appeal period was insubstantial is without merit. The record demonstrates that four attorneys in the law firm representing the appellants were involved in this litigation. No extensions of time within the requirements of *W.Va. R.App.P.* 3(a) were sought, and the filing of the petition for appeal on May 25, 1995, was clearly beyond the appeal period. As we recognized in syllabus point 1 of *James M.B. v. Carolyn M.,* 193 W.Va. 289, 456 S.E.2d 16 (1995), this Court has a responsibility to examine the basis of its own jurisdiction. Syl. pt. 1, *McCormick v. Allstate Insurance Company,* 194 W.Va. 82, 459 S.E.2d 359 (1995); syl. pt. 1, *Coleman v. Sopher,* 194 W.Va. 90, 459 S.E.2d 367 (1995). *See also* syl. pt. 2, *State ex rel. Davis v. Boles,* 151 W.Va. 221, 151 S.E.2d 110 (1966), indicating that the appeal period is jurisdictional.

The record demonstrates that the appellants failed to perfect the appeal to this Court within the time prescribed by *W.Va. R.App.P.* 3(a). Accordingly, the appeal in this case is dismissed as improvidently awarded.

Dismissed as Improvidently Awarded.