648 S.E.2d 639

**Andrew MOTEN, Plaintiff Below, Appellant,**

**v.**

**F. Douglas STUMP, Commissioner of the West Virginia Division of Motor Vehicles, Defendant Below, Appellee.**

**No. 33220.**

Supreme Court of Appeals of West Virginia.

Submitted May 22, 2007.

Decided June 6, 2007.

Concurring Opinion of Justice Albright June 15, 2007.

John D. Wooton, Beckley, for Appellant.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, for Appellee.

PER CURIAM:

Andrew Moten, appellant/petitioner below (hereinafter referred to as "Mr. Moten"), appeals an order of the Circuit Court of Raleigh County affirming the suspension of his driving privileges by the Commissioner of the West Virginia Division of Motor Vehicles (hereinafter referred to as "the DMV").[1] Mr. Moten argues that the circuit court committed error by not remanding the case on the grounds that: (1) the DMV should have granted his request for a continuance or (2) this Court's decision in *Adkins v. Cline,* 216 W.Va. 504, 607 S.E.2d 833 (2004), required that the case be remanded for a new hearing. After a careful review of the briefs and record, and listening to oral arguments, we find that the issues presented in this appeal were untimely. "We therefore dismiss this appeal as improvidently awarded." *Cronin v. Bartlett,* 196 W.Va. 324, 324, 472 S.E.2d 409, 409 (1996).

## I.

### FACTUAL AND PROCEDURAL HISTORY

On October 19, 2003, Officer J.M. Kerr of the Mabscott Police Department observed Mr. Moten driving erratically and pulled him over.[2] When Officer Kerr approached Mr. Moten's car, he detected a strong odor of alcohol coming from the car. The officer also detected alcohol on Mr. Moten's breath and further observed that Mr. Moten's eyes were bloodshot and that his speech was slurred. Officer Kerr ordered Mr. Moten to exit the car and instructed him to execute field sobriety tests. Mr. Moten failed the field sobriety tests. He was then arrested on suspicion of driving under the influence of alcohol.

After Mr. Moten was arrested, the DMV revoked his driving privileges. Mr. Moten requested a hearing to contest the revocation, which was held on May 5, 2004. Prior to the hearing, Mr. Moten, who was represented by counsel, filed a motion for continuance until after his criminal case was resolved. The motion was denied. Subsequent to the revocation hearing, the DMV issued an order, on August 23, 2004, revoking Mr. Moten's driving privileges for ten years. This order was timely appealed to the circuit court.

In Mr. Moten's appeal to the circuit court, he argued that the evidence was insufficient to sustain the revocation. He also argued that the DMV should have granted his motion for a continuance. By order entered December 15, 2004, the circuit court denied relief to Mr. Moten on the grounds that the evidence was sufficient to sustain the revocation, and that the DMV was not required by law to delay the revocation hearing until after the criminal case was resolved. Mr. Moten did not appeal the December 15 order.

On April 14, 2005, Mr. Moten filed a motion in the circuit court styled "Motion for Relief from Judgment and/or in the Alternative Motion for Reconsideration." In that motion, Mr. Moten essentially presented the

---

1. F. Douglas Stump was the Commissioner of the DMV when this case started. He has been replaced by Joseph Cicchirillo.

2. According to Officer Kerr, Mr. Moten made a wide turn on a street and caused other vehicles to drive onto the sidewalk in order to avoid a collision.

same grounds for reversal that had been submitted in his initial appeal to the circuit court. The only new matter submitted by Mr. Moten involved the decision of the prosecutor in the criminal case to dismiss the DUI charges.[3] Mr. Moten argued in his motion that, because of the dismissal of the criminal charges, our decision in *Adkins v. Cline*, 216 W.Va. 504, 607 S.E.2d 833 (2004), required remanding the administrative case for a new hearing. By order entered October 12, 2005, the circuit court denied Mr. Moten's motion. The October 12 order was never appealed. Instead, Mr. Moten wrote a letter to the circuit court on November 8, 2005, requesting clarification of the court's October 12, 2005, order. In response to the letter, the circuit court entered yet another order on March 3, 2006. The March 3, 2006, order affirmed the previous order of October 12, 2005. From this order, Mr. Moten appeals.

## II.

## STANDARD OF REVIEW

We are called upon to review the decision of the circuit court affirming the administrative suspension of Mr. Moten's driving privileges. Regarding our review of a circuit court's ruling on an administrative appeal, this Court held in Syllabus point 1 of *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996), that:

> On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W. Va.Code § 29A–5–4(a) and reviews questions of law presented *de novo;* findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.

Applying this standard to a lower court's decision to affirm an administrative decision, we held in Syllabus point 1 of *Wheeling–Pittsburgh Steel Corp. v. Rowing*, 205 W.Va. 286, 517 S.E.2d 763 (1999):

Under the West Virginia Administrative Procedures Act, W. Va.Code ch. 29A, appellate review of a circuit court's affirmance of agency action is *de novo*, with any factual findings made by the lower court in connection with alleged procedural defects being reviewed under a clearly erroneous standard.

With these standards in mind, we turn to the issues presented by this appeal.

## III.

## DISCUSSION

The substantive issues presented in this case concern the circuit court's ruling that Mr. Moten was not entitled to have a new administrative hearing (1) on the ground that the DMV should have granted his request for a continuance or (2) based upon this Court's decision in *Adkins*. However, before we can address the merits of this case, we must *sua sponte* determine whether the issues presented were timely filed. *See* Syl. pt. 1, in part, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995) ("[T]his Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction."). As we stated in Syllabus point 2 of *James M.B.:*

> Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.

193 W.Va. 289, 456 S.E.2d 16. *See* Syl. pt. 2, *State ex rel. Davis v. Boles*, 151 W.Va. 221, 151 S.E.2d 110 (1966) ("An appellate court is without jurisdiction to entertain an appeal after the statutory appeal period has expired."); *Cronin v. Bartlett*, 196 W.Va. 324, 326, 472 S.E.2d 409, 411 (1996) ("[T]he appeal period is jurisdictional.").

Under the Administrative Procedures Act, an appeal to this Court is governed by our laws relating to civil appeals.[4] In Sylla-

---

3. In May of 2005 the prosecutor wrote a letter to Mr. Moten's counsel indicating that the criminal case would be dismissed. However, the case

was not officially dismissed until November 30, 2005.

4. W. Va.Code § 29A–6–1 (1964) (Repl.Vol.2002) provides:

bus point 1, in part, of *Coonrod v. Clark*, 189 W.Va. 669, 434 S.E.2d 29 (1993), we summarized those laws as follows:

> The appropriate procedure for a petition for appeal to this Court to be timely presented, under W. Va.Code [§ ] 58–5–4 [2002] and Rule 3 of the Rules of Appellate Procedure [2007], requires the petition to be filed with the clerk of the circuit court where the judgment, decree or order being appealed was entered within four months of the entry of judgment or within such additional period, up to two months, as may be authorized pursuant to W. Va.Code [§ ] 58–5–4 [2002].

In the instant case, the circuit court entered three orders. Mr. Moten has appealed the last order entered by the circuit court. In determining whether the last order presents a timely appeal of Mr. Moten's request for a remand, we must examine each of the orders separately.

**■ (1) The order of December 15, 2004.** The order by the DMV revoking Mr. Moten's driving privileges was timely appealed to the circuit court. In that appeal, Mr. Moten argued that the evidence was insufficient to sustain the revocation and that the DMV erred in not granting his motion for a continuance until after the conclusion of the criminal proceeding. By an order entered on December 15, 2004, the circuit court affirmed the decision of the DMV. That order also stated that "this matter is DISMISSED from the docket of this Court."

**■** The circuit court's order of December 15 was a final and appealable order. *See*

> Any party adversely affected by the final judgment of the circuit court under this chapter may seek review thereof by appeal to the supreme court of appeals of this state, and jurisdiction is hereby conferred upon such court to hear and entertain such appeals *upon application made therefor in the manner and within the time provided by law for civil appeals generally.*

(Emphasis added).

5. "Despite our repeated direction to the bench and bar of this State that a 'motion to reconsider' is not a properly titled pleading in West Virginia, it continues to be used." *Richardson v. Kennedy,* 197 W.Va. 326, 329, 475 S.E.2d 418, 421 (1996). We must once again reiterate that "the West

Syl. pt. 3, in part, *James M.B.,* 193 W.Va. 289, 456 S.E.2d 16 ("A case is final only when it terminates the litigation between *the* parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined."). As such, Mr. Moten had four months within which to file an appeal of that order. Mr. Moten did *not* file an appeal of the December 15 order. Instead, on April 14, 2005, he filed a motion styled "Motion for Relief from Judgment and/or in the Alternative Motion for Reconsideration." [5] In the body of the motion it was alleged that the motion was filed pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure.[6] It has been recognized that "[a] motion made pursuant to Rule 60(b) does not toll the running of the appeal period." Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on West Virginia Rules of Civil Procedure* § 60(b), at 1330 (2d ed.2006). Consequently, the Rule 60(b) motion did not toll the appeal period for the December 15 order. Therefore, as a result of Mr. Moten's failure to appeal the December 15 order, the substantive matters decided by that order cannot be addressed by this Court in this appeal.

**■ (2) The order of October 12, 2005.** In Mr. Moten's Rule 60(b) motion he reasserted the arguments made in his initial appeal to the circuit court. In addition, he argued for the first time that, insofar as the criminal charges against him had been dropped, this Court's decision in *Adkins v. Cline,* 216 W.Va. 504, 607 S.E.2d 833 (2004),[7] necessitated remanding the case for a new hearing.[8] By order entered October 12, 2005, the circuit court denied Mr. Moten's

Virginia Rules of Civil Procedure do not recognize a 'motion for reconsideration.'" *Savage v. Booth,* 196 W.Va. 65, 68, 468 S.E.2d 318, 321 (1996).

6. The motion did not allege which provision under Rule 60(b) was being relied upon for relief.

7. In *Adkins,* this Court affirmed a trial court's decision to remand two cases to the DMV for further proceedings after the appellees' criminal DUI charges had been dismissed.

8. The decision in *Adkins* was issued several months after Mr. Moten filed his initial appeal with the circuit court.

Rule 60(b) motion. That order stated specifically that "[t]he Court dismisses this matter and strikes it from the docket, and ORDERS that the previous Dismissal Order entered on December 15, 2004, is effective and that this matter is now completed."

■■■■ The order denying Mr. Moten's Rule 60(b) motion was a final appealable order.[9] Mr. Moten did not appeal the Rule 60(b) denial. Instead, Mr. Moten wrote a letter to the circuit court on November 8, 2005, requesting clarification of the court's order of October 12. Our rules of civil procedure do not recognize a "letter of clarification" as tolling the appeal period of a final order.[10] Consequently, as a result of Mr. Moten's failure to appeal the October 12 order, we cannot address the propriety of the denial of the Rule 60(b) motion.

■■■ **(3) The order of March 3, 2006.** As previously indicated, Mr. Moten sought to challenge the circuit court's denial of his Rule 60(b) motion by filing a *letter* seeking clarification of that order. The record does not contain the letter.[11] The circuit court responded to the letter of clarification by issuing its order of March 3, 2006. The March 3, 2006, order affirmed the circuit court's previous order of October 12. Mr. Moten appealed the March 3 order; however, the appeal was too late.

■■■ Based upon the March 3 order, Mr. Moten asks this Court to find that the circuit court erred in not remanding the case (1) on the grounds that the DMV should have granted his request for a continuance or (2) based upon this Court's decision in *Adkins.* Both of the grounds for remand were resolved in prior final orders that were simply not appealed. Insofar as we are constrained

from addressing matters arising from the two previous orders because they were not appealed, the March 3 order does not present a timely appealable issue. *See Mary R. v. Billy D.,* 219 W.Va. 520, 523, 637 S.E.2d 618, 621 (2006) (refusing to address issues that were decided in two previous final orders that had not been appealed); *Dababnah v. Dababnah,* 207 W.Va. 585, 592, 534 S.E.2d 781, 788 (2000) ("The [appellant] may not now raise this issue before this Court, as the time for an appeal of this particular decision has expired."). We have held that "[w]hen an appeal has been granted and it appears from the face of the record that it was improvidently awarded, the case will be dismissed." Syl., *Angelo v. Rodman Trust,* 161 W.Va. 408, 244 S.E.2d 321 (1978). *See also* Syl. pt. 1, in part, *Sothen v. Continental Assurance Co.,* 147 W.Va. 458, 128 S.E.2d 458 (1962) ("An appeal or writ of error granted by this Court upon a judgment, decree or order rendered more than [four] months prior to the presenting of the petition for such appeal to this Court will be dismissed as improvidently awarded.").

## IV.

## CONCLUSION

The appeal in this case is dismissed as improvidently awarded.

Dismissed.

ALBRIGHT, Justice, concurring:

(Filed June 15, 2007)

I concur with the majority's decision to dismiss this appeal as improvidently awarded based on its untimely filing. However, I

---

**9.** "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. pt. 3, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974).

**10.** The letter of clarification does not qualify as a motion to alter or amend judgment under Rule 59(e) of the West Virginia Rules of Civil Procedure for the purposes of tolling the appeal period. "A motion under Rule 59(e) filed within ten days of judgment being entered, suspends the finality of the judgment and makes the judgment

unripe for appeal. When the time for appeal is so extended, its full length begins to run from the date of entry of the order disposing of the motion." Cleckley, Davis, & Palmer, *Litigation Handbook* § 59(e), at 1316. The letter of clarification was filed more than ten days after the October 12 order.

**11.** Our knowledge of the letter comes from the circuit court's order, which stated that "[b]y letter dated November 8, 2005, Petitioner requested clarification of the Court's Order Denying Motion for Relief from Judgment."

write separately to address the substantive issue of the appeal—whether the circuit court committed error by not remanding the case on the grounds that: (1) the Division of Motor Vehicles ("DMV") should have granted Mr. Moten's request for a continuance; and (2) this Court's decision in *Adkins v. Cline*, 216 W.Va. 504, 607 S.E.2d 833 (2004), required that the case be remanded for a new hearing in light of the dismissal of the criminal charge.

In administrative proceedings seeking the suspension or revocation of an individual's driver's license for alcohol-related conduct while operating a motor vehicle,[1] the Commissioner of Motor Vehicles ("Commissioner") is required to consider and give substantial weight to the results of related criminal proceedings, if such evidence is presented in the administrative proceeding. *See* Syl. Pt. 3, *Choma v. W. Va. Div. of Motor Vehicles*, 210 W.Va. 256, 557 S.E.2d 310 (2001). In *Choma*, this Court reasoned that "if proof of a DUI conviction in a criminal proceeding is not only admissible but dispositive in a license suspension proceeding, then fundamental fairness requires that proof of an acquittal in that same criminal DUI proceeding should be admissible and have weight in a suspension proceeding."[2] *Id.* at 260, 557 S.E.2d at 314. In *Adkins*, this Court affirmed the trial court's decision which reversed the DMV's administrative license suspensions and remanded the case for further proceedings consistent with *Choma* based on the fact that the criminal charges against the Appellees did not result in convictions. While *Adkins* also addressed other issues,[3] this Court applied the *Choma* requirement that the Commissioner give consideration to the results of any criminal prosecution.

In this case, Mr. Moten moved to continue the administrative proceedings pending the outcome of the related criminal proceedings. The DMV denied the motion and revoked Mr. Moten's driver's license. After the revocation, the State dismissed the criminal proceedings against Mr. Moten. Had the DMV granted the motion to continue, Mr. Moten would have had the opportunity to present the dismissal of the criminal charges and the circumstances surrounding that dismissal in the course of the administrative hearing. The Commissioner necessarily would have been required to consider and to accord the dismissal substantial weight in determining whether to revoke Mr. Moten's license.

This Court has held that "[a] driver's license is a property interest which requires the protection of this State's Due Process Clause before its suspension can be obtained under the implied consent law. W.Va.Code, 17C–5a–1, *et seq.*" Syl. Pt. 1, *Jordan v. Roberts*, 161 W.Va. 750, 246 S.E.2d 259 (1978). "Under procedural due process concepts a hearing must be appropriate to the nature of the case and from this flows the principle that the State cannot preclude the right to litigate an issue central to a statutory violation or deprivation of a property interest." *Id.* at 750, 246 S.E.2d at 260, syl. pt. 2. In Mr. Moten's case, the DMV denied him the opportunity to present the State's dismissal of the criminal charges for consideration in the administrative process in either the initial, but continued, hearing or in a reconvened hearing after the criminal proceedings were ended. I submit that the DMV should be obligated to afford a further hearing in situations where the State has decided to drop the criminal charges after the initial administrative hearing is concluded.

It is axiomatic that " '[a]side from all else, due process means fundamental fairness.' " *Choma*, 210 W.Va. at 260, 557 S.E.2d at 314

---

1. *See* W.Va.Code §§ 17C–5A–1 to –4 (2004).

2. This Court also determined that the Commissioner's suspension decision arbitrarily and capriciously discredited and disregarded the evidence that favored the Appellant and was clearly contrary to the weight of the evidence.

3. The main issues decided by this Court in *Adkins* were (1) whether the open-ended stays of the Commissioner's original suspension orders were in violation of statutory stay limitations; and (2) the scope of the "prospective" application of *Choma*. This Court determined that stays granted to administrative DUI license proceedings must respect the legislative limitation of 150 days and that *Choma* applied to any judicial determination of administrative license suspension made after the date of *Choma's* filing. *See Adkins*, 216 W.Va. at 513, 607 S.E.2d at 837.

(quoting *Pinkerton v. Farr*, 159 W.Va. 223, 230, 220 S.E.2d 682, 687 (1975)). This Court has recognized that the two tracks of criminal and civil driver's license-related proceedings that arise out of an arrest for alleged DUI are "interrelated to the point that due process requires that the results of related criminal proceedings must be given consideration by the DMV in the DMV's administrative process." *Carroll v. Stump*, 217 W.Va. 748, 755, 619 S.E.2d 261, 268 (2005) (quoting *Mullen v. Div. of Motor Vehicles*, 216 W.Va. 731, 734, 613 S.E.2d 98, 101 (2005)).

Fundamental fairness requires the award of a further hearing in cases like the one *sub judice*. The interests of justice weigh against denying Mr. Moten the opportunity to have the Commissioner consider the dismissal of the criminal charges. The statutorily defined ten-year revocation of a driver's license in Mr. Moten's situation is a severe sanction. The dismissal of the related criminal charges is certainly relevant to the adjudication of such a severe sanction. While the Legislature has a legitimate interest in protecting the public from persons who drive under the influence of alcohol,[4] imposition of a ten-year revocation without consideration of all the available evidence—as in Mr. Moten's case—does not fairly serve the public interest. The record discloses that the arresting officer failed to give Mr. Moten a blood, breath, or urine test and conceded at the administrative hearing that the results of the field sobriety tests of Mr. Moten—"blood shot eyes, slurred speech and fumbling for his license and paperwork could have been caused by various reasons unrelated to alcohol." The Commissioner might well have decided that license revocation was unwarranted in light of the officer's testimony and in consideration of the fact that the State dropped the criminal charges against Mr. Moten.

Louisiana's implied consent law provides that when any person's driver's license has been seized, suspended, or revoked in connection with an alleged violation of the criminal law, and the criminal charge does not result in a conviction, plea of guilty, or bond forfeiture, the person shall have that driver's license immediately reinstated. *See Nunnally v. State, Dept. of Public Safety and Corrections*, 663 So.2d 254 (La.App.1995). Such a provision comports with due process and fundamental fairness. Our requirement in *Choma* that substantial weight be accorded such results in the criminal case is much more flexible; nevertheless, it should be accorded full respect by the Commissioner of Motor Vehicles. This Court ought not permit its directive in *Choma* to be circumvented by the refusal of the Commissioner to accord a citizen a second hearing after the criminal case has concluded.

I would affirm the denial of a continuance because of our public policy that encourages prompt administrative hearing of DUI matters. However, had the substantive issues survived scrutiny with respect to their timeliness, I would have sought to reverse and remand the case for a second administrative hearing for the presentation of the results of the criminal proceeding.

---

4. *See Carroll*, 217 W.Va. at 755, 619 S.E.2d at 268.