737 S.E.2d 48

**HOMINY CREEK PRESERVATION ASSOCIATION, INC., Respondent Below, Petitioner**

v.

**WEST VIRGINIA DEPARTMENT OF ENVIRONMENTAL PROTECTION, Petitioner Below, Respondent.**

No. 11–0749.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 26, 2012.

Decided Oct. 19, 2012.

Derek O. Teaney, Esq., Joseph M. Lovett, Esq., Lewisburg, WV, for Petitioner.

Joseph L. Jenkins, Esq., Senior Counsel, Office of Legal Services, West Virginia Department of Environmental Protection, for Respondent.

PER CURIAM:

Petitioner Hominy Creek Preservation Association, Inc. ("the Association") appeals an order from the Circuit Court of Kanawha County. On April 16, 2010, the Surface Mine Board ordered the West Virginia Department of Environmental Protection ("DEP") to pay the Association's attorney fees and costs for work performed in two administrative appeals.[1] Following the entry of this order, the DEP filed a "Motion for Clarification" with the Surface Mine Board requesting that it "clarify and reconsider" its order awarding attorney fees to the Association. The Surface Mine Board denied the motion for clarification, finding that "a supplemental order is not necessary."

On July 7, 2010, eighty-two days after the Surface Mine Board granted the fee award to the Association, the DEP appealed the Board's order to the Circuit Court of Kanawha County. The circuit court reversed the Surface Mine Board's order, finding that the Association was not entitled to recover attorney fees from the DEP. The Association subsequently filed the present appeal arguing that: (1) the DEP failed to file a timely appeal of the Surface Mine Board's April 16, 2010, order; and (2) the circuit court's order is based on a clear mistake of law and· includes a number of erroneous factual conclusions.

After thorough review, we find that the DEP failed to file a timely appeal of the Surface Mine Board's April 16, 2010, order. We therefore reverse the circuit court's order reversing the fee award, and reinstate the Surface Mine Board's April 16, 2010, order.

## I.  Facts & Background

The first of two administrative appeals underlying the fee award began in 2003 when the DEP granted Green Valley Coal Company's ("Green Valley Coal") request for an "incidental boundary revision" to an existing mining permit ("permit revision"). Green Valley Coal sought permission to extend a refuse disposal area, relocate a stream, and construct two ponds as part of its disposal operations adjacent to Hominy Creek in Nicholas County, West Virginia. Hominy Creek Preservation Association, Inc., an interested citizen's group, appealed the DEP's approval of Green Valley Coal's permit revision to the Surface Mine Board. The Surface Mine Board held a hearing and determined that: (1) Green Valley Coal failed to provide an accurate and complete statement of the probable hydrologic consequences that would result from its actions; and (2) the DEP should not have accepted Green Valley Coal's application. However, the Surface Mine Board found that additional evidence presented at the hearing cured the deficiency and affirmed the DEP's approval of Green Valley Coal's permit revision.

After the Surface Mine Board's ruling, the United States District Court for the Southern District of West Virginia vacated two regulations that the DEP relied on in approving Green Valley Coal's permit revision.[2] The Association moved the Surface Mine Board to reconsider and vacate its order affirming the DEP's approval of the permit revision in light of the District Court's ruling. On January 10, 2007, the Surface Mine Board vacated the DEP's approval.

While the permit revision appeal was pending, the Association filed a second appeal with the Surface Mine Board. This

---

1.  This order was entered on April 14, 2010, but it was not served on the DEP until April 16, 2010. For ease of the reader, we will refer to this as the April 16, 2010, order.

2.  *See Ohio River Valley Environmental Coalition, Inc. v. Kempthorne,* 473 F.3d 94 (4th Cir.2006).

appeal concerned alleged iron pollution in Hominy Creek that was being caused by a Green Valley Coal refuse area. The DEP ordered Green Valley Coal to prepare a probable hydrologic consequences report to "address specifically the apparent increase in iron levels in Hominy Creek[.]" In response to this order, Green Valley Coal filed a revision ("Revision No. 5") to an existing permit in which it addressed the concerns raised by the Association. The DEP accepted Green Valley Coal's "Revision No. 5," and approved the permit.

The Association appealed the approval of Revision No. 5 to the Surface Mine Board arguing that it should not have been approved because (1) it failed to contain adequate data or analysis concerning the role of subsurface water flow through the refuse area; and (2) it erroneously concluded that Green Valley Coal needed to take no remedial action to address or monitor the effect of the subsurface flow on Hominy Creek. Before the Surface Mine Board ruled on the Association's appeal concerning Revision No. 5, the District Court issued its ruling vacating the two regulations that the DEP relied upon in the permit revision appeal. Following the District Court's ruling, the Surface Mine Board consolidated the permit revision and Revision No. 5 appeals.

These consolidated appeals resulted in a comprehensive settlement agreement of all litigation between the Association and Green Valley Coal in 2009.[3] The settlement agreement recited the parties' conclusion that applicable law did not authorize an award of attorney fees from Green Valley Coal to the Association for work incurred in the two administrative appeals. Green Valley Coal

agreed that it would not oppose any request by the Association for a fee award from any other party. The DEP did not file a motion opposing this settlement agreement, nor did it appeal the Surface Mine Board's final order accepting the settlement agreement.[4]

Following the settlement agreement, the Association sought a fee award from the DEP for the fees it incurred in the two administrative appeals pursuant to Surface Mine Board regulations. The Association relied on this Court's holding in *Louden v. West Virginia Division of Environmental Protection*, 209 W.Va. 689, 692, 551 S.E.2d 25, 28 (2001), where this Court stated that the "West Virginia Surface Mining regulations governing administrative proceedings sets forth five distinct situations in which costs and expenses may be awarded when judgment is entered." These situations set forth in the Board's regulations include the following:

> 20.12.a. Request for Fees. Any person may on request be awarded by the appropriate board or court a sum equal to costs and expenses including attorneys' fees and expert witness fees as determined to have been reasonably incurred ... Costs and expenses, including attorneys' fees may be awarded to:

> 20.12.a.2. [A]ny participating party other than the violator or his representative from the Division of Environmental Protection upon a determination that the party made a significant contribution to a full and fair determination of the issues[.]

38 C.S.R. 2–20.12.a.2.[5]

Both the DEP and the Association filed briefs with the Surface Mine Board and par-

---

**3.** This settlement agreement also resolved a suit the Association brought against Green Valley Coal in the United States District Court for the Southern District of West Virginia, pursuant to the Clean Water Act, 33 U.S.C. § 1365.

**4.** The remedial action contained in the settlement included Green Valley Coal's agreement to place two piezometers in its refuse area to measure and monitor saturation. The agreement pertaining to Revision No. 5 included a joint motion filed by Green Valley Coal and the Association moving the Surface Mine Board to vacate the DEP's approval of Revision No. 5, and to remand the revision to the DEP so that Green Valley Coal

could propose a number of enhanced environmental protection measures not contained in its initial permit or revision.

**5.** The other four situations in which fees may be recovered are:

> 20.12.a.1. To any participating party against the violator under a finding that there is a violation of the Act, the regulations or the permit has occurred, and there is a determination that the party made a significant contribution to the full and fair determination of the issues;

> 20.12.a.3. To a violator from the Division of Environmental Protection when the violator

ticipated in oral argument before the Board. The Surface Mine Board thereafter issued a detailed 20–page order explaining its finding that the Association was entitled to an award of attorney fees from the DEP pursuant to 38 C.S.R. 2–20.12.a.2. The Board determined that:

> (1) Appellants [the Association] initiated this administrative review proceeding, (2) Appellants participated in this proceeding as the sole prosecuting parties, and (3) Appellants made a substantial contribution to a full and fair determination of the issues by identifying the defects in Green Valley's PHC and prompting Green Valley and DEP to submit additional evidence which the Board found sufficient to cure those defects, obtaining the Board's order requiring Green Valley to amend IBR 9 to add two piezometers to monitor fill saturation, and demanding the enhancement of Revision No. 5 to require capture and treatment of all flow and to expand Green Valley's hydrologic monitoring plan. Therefore, the Board finds HCPA has met the standard of W.Va.C.S.R. § 38–2–20.12.-a.2.

■ After finding that the Association was entitled to recover attorney fees pursuant to 38 C.S.R. 2–20.12.a.2., the Surface Mine Board examined the Association's requested fee award,[6] concluded that the requested fee was reasonable, and awarded the Association $302,684.83 for the work performed in the two administrative appeals.[7] The Surface Mine Board served this order on the DEP on April 16, 2010.

On May 4, 2010, the DEP filed a "Motion for Clarification" with the Surface Mine Board. This motion asked the Board to "clarify and reconsider" its order awarding fees to the Association. The DEP did not cite a rule or identify any authority authorizing a party to file a motion for clarification following a ruling from the Surface Mine Board.[8] In this motion, the DEP repeated a number of arguments it made in its motion opposing the Association's initial fee petition. The DEP did not raise any new arguments or present any new evidence that was not before the Surface Mine Board when it entered its April 16, 2010 order. The DEP explained its rationale for filing a motion for clarification, rather than appealing to circuit court, as follows:

demonstrates that the Division of Environmental Protection issues cessation order, a show cause order or notice of violation in bad faith and for the purpose of harassing or embarrassing the violator, provided that no award shall be made under this subsection if the Division of Environmental Protection prevails upon the issue of a violation;

20.12.a.4. To a violator from any participating party other than the Division of Environmental Protection where such participating parties initiated or participated in the magistrate proceeding in bad faith and for the purpose of harassing or embarrassing the violator; and

20.12.a.5. To the Division of Environmental Protection from any participating party where the Division of Environmental Protection demonstrates that any such party participating in such proceeding in bad faith and for the purpose of harassing or embarrassing the Division of Environmental Protection. An award may also include attorneys' fees and expert witness fees expended in obtaining an award of costs, expenses and attorneys' fees. Decisions on such awards may be appealed as other cases under the Act.

6. The Board examined the fee award pursuant to the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). These twelve factors are: (1) the time

and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 719.

The Board also examined the fee award pursuant to the framework established in *Bostic v. American General Finance, Inc.*, 87 F.Supp.2d 611, 614–19 (S.D.W.Va.2000), and *Schultz v. Consolidation Coal Co.*, 197 W.Va. 375, 475 S.E.2d 467 (1996).

7. The record before the Surface Mine Board included detailed invoices from the Association's attorneys, as well as affidavits from other attorneys attesting to the reasonableness of the fees the Association's attorneys incurred.

8. Similarly, the DEP failed to cite any rule the Surface Mine Board could rely on to grant relief to a party based on a motion for clarification.

The WVDEP is of the information and belief that an appeal of this matter to the Circuit Court might well result in a remand back to this Board for *additional findings of fact and conclusions of law* regarding the arguments raised by the Appellee. The WVDEP wants to avoid the time and expense of a fruitless Circuit Court appeal, not to mention the supplemental request for fees that most certainly will come from [counsel for the Association].

(Emphasis added.)

The Surface Mine Board denied the DEP's motion for clarification in a two-paragraph order entered on June 7, 2010. The Board explained that it:

[C]onsidered the Motion and finds that a supplemental order is not necessary. The Board is not required to answer each and every finding or argument raised by the parties and in fact the Board's [April 16, 2010] order gave the arguments of the Appellee due merit and consideration. Therefore the Board does hereby DENY the Appellee's Motion and considers the arguments in these appeals final and closed.

The June 7, 2010, order did not amend or revise any of the relief contained in the Board's April 16, 2010, order.

On July 7, 2010, eighty-two days after the Surface Mine Board entered its order awarding fees to the Association, the DEP filed a petition for appeal in the Circuit Court of Kanawha County.[9] The Association filed a motion to dismiss the DEP's appeal because it was not filed within thirty days of the Surface Mine Board's April 16, 2010, order, as required by *W.Va.Code* § 29A-5-4(b).

The circuit court appointed a special commissioner to review the DEP's appeal due to "the complexity, magnitude, and the volume," of the issues raised. The special commissioner filed a report with the circuit court recommending that the court deny the Association's motion to dismiss the appeal as untimely because the Surface Mine Board's June 7, 2010, two-paragraph order denying the motion for clarification "became the Final Order triggering the 30-day requirement to appeal the Surface Mine Board Final Order." The circuit court adopted the special commissioner's recommendation and denied the Association's motion to dismiss.

The circuit court went on to reverse the Surface Mine Board's fee award to the Association concluding that:

As a matter of law, [the Association] cannot recover fees from WVDEP without a finding that WVDEP was a violator and furthermore, that [the Association] took part in determining such. [The Association] did not prevail in proving that nor on the merits of this case and thus, the WVDEP is not required to pay their attorney fees and expenses.[10]

The circuit court entered this order on April 8, 2011. The Association thereafter filed the present appeal.

## II. Standard of Review

Our review of the circuit court's decision in an administrative appeal is *de novo*. See *Tennant v. Callaghan*, 200 W.Va. 756, 761, 490 S.E.2d 845, 850 (1997). In conducting that review, however, we are subject to the same governing standards of review that controlled the circuit court's actions. *West Virginia DEP v. Kingwood Coal Co.*, 200 W.Va. 734, 736, 490 S.E.2d 823, 825 (1997). Those standards are contained in Syllabus Point 2 of *Shepherdstown Volunteer Fire Department v. State ex rel. State of West Virginia Human Rights Commission*, 172 W.Va. 627, 309 S.E.2d 342 (1983):

Upon judicial review of a contested case under the West Virginia Administrative Procedure[s] Act, Chapter 29A, Article 5,

---

9. The DEP raised a number of arguments in this appeal including its position that (1) the Association did not prevail in the underlying appeals, (2) the Surface Mine Board incorrectly computed the prejudgment interest on the Association's fee award and (3) the Surface Mine Board failed to address each of its arguments.

10. The circuit court's conclusion that the Association could not recover fees from the DEP without a finding that the DEP was a violator is a clear mistake of law. 38 C.S.R. 2–20.12.a.2. plainly authorizes an award of fees to a party from the DEP without a finding that the DEP was a violator. See page 50, *supra.*

Section 4(g), the circuit court may affirm the order or decision of the agency or remand the case for further proceedings. The circuit court shall reverse, vacate or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decisions or order are "(1) In violation of constitutional or statutory provisions; or (2) In excess of the statutory authority or jurisdiction of the agency; or (3) Made upon unlawful procedures; or (4) Affected by other error of law; or (5) Clearly wrong in view of the reliable, probative and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion."

With these standards in mind, we proceed to examine whether the circuit court committed error in its reversal of the Surface Mine Board's ruling.

### III. Analysis

Our initial inquiry is whether the DEP filed a timely appeal of the Surface Mine Board's April 16, 2010, order awarding fees to the Association. A party appealing a decision of the Surface Mine Board must do so within thirty days pursuant to the State Administrative Procedures Act, *W.Va.Code* § 29A–5–4(b), which states:

(b) Proceedings for review shall be instituted by filing a petition, at the election of the petitioner, in either the circuit court of Kanawha County, West Virginia or in the circuit court of the county in which the petitioner or any one of the petitioners resides or does business, or with the judge thereof in vacation, within thirty days after the date upon which such party received notice of the final order or decision of the agency. A copy of the petition shall be served upon the agency and all other parties of record by registered or certified mail. The petition shall state whether the appeal is taken on questions of law or questions of fact, or both. No appeal bond shall be required to effect any such appeal.

The above code section is specifically recognized by *W.Va.Code* § 22B–1–1 *et seq.* [1994], the statute governing judicial review of orders entered by environmental boards, including the Surface Mine Board. *W.Va.Code* § 22B–1–9(a) states:

Any person or a chief or the director, as the case may be, adversely affected by an order made and entered by a board after an appeal hearing, held in accordance with the provisions of this chapter, is entitled to judicial review thereof. All of the provisions of section four [§ 29A–5–4], article five, chapter twenty-nine-a of this code apply to and govern the review with like effect as if the provisions of said section four were set forth in extensor in this section, with the modifications or exceptions set forth in this chapter.

The DEP does not dispute that a party must file its appeal within thirty days of the final order being entered. Instead, the DEP argues that because it filed a "Motion for Clarification" with the Surface Mine Board, the thirty-day appeal period did not begin to run until the Board entered its June 7, 2010, order denying the "Motion for Clarification."[11]

This Court addressed an analogous situation in *Moten v. Stump*, 220 W.Va. 652, 648 S.E.2d 639 (2007). After the DMV revoked Mr. Moten's driving privileges, he filed an appeal with the circuit court. The circuit court upheld the DMV's revocation. Mr. Moten subsequently filed a Rule 60(b) motion asking the circuit court to reconsider its ruling. The circuit court denied the Rule 60(b) motion. Mr. Moten thereafter wrote a "letter of clarification" to the circuit court requesting clarification of the order denying his

---

**11.** The DEP has not cited any rule or authority that allows a party to file a motion for clarification after the Surface Mine Board has entered an order. Our review of the State Administrative Procedures Act, *W.Va.Code* § 29A–1–1 *et seq.*, the statutes governing environmental review boards, *W.Va.Code* § 22B–1–1 *et seq.*, and the rules that govern proceedings before the Surface Mine Board, 49 C.S.R. 1–1, *et seq.*, reveals no provision allowing a party to file such a motion. While we find no such rule, the Surface Mine Board entered an order denying the motion for clarification. We will therefore examine whether the entry of this second order tolled the time period the DEP had to appeal the fee award.

Rule 60(b) motion. In response to this letter, the circuit court entered a second order affirming the previous denial of the Rule 60(b) motion. As in the case *sub judice*, Mr. Moten appealed after the court entered its *second* order denying his motion.

On appeal, this Court determined that it could not address the propriety of the denial of the Rule 60(b) motion because Mr. Moten's appeal was untimely. The Court stated, "[o]ur rules of civil procedure do not recognize a 'letter of clarification' as tolling the appeal period of a final order." *Moten,* 220 W.Va. at 657, 648 S.E.2d at 644. The Court also stated that "[t]he letter of clarification does not qualify as a motion to alter or amend judgment under Rule 59(e) of the West Virginia Rules of Civil Procedure for the purposes of tolling the appeal period." 220 W.Va. at 657 n. 10, 648 S.E.2d at 644 n. 10.

The DEP attempts to distinguish *Moten* on the ground that the circuit court's order denying Mr. Moten's motion contained language indicating that it was a final order, whereas the Surface Mine Board's April 16, 2010, order was not titled "Final Order." Conversely, the Association argues that despite not being titled "Final Order," the April 16, 2010, order was a final order because it: (1) resolved all of the outstanding matters before the Board, (2) granted the requested relief, (3) left nothing further to be adjudicated between the parties, and (4) did not contemplate any further proceedings. We agree with the Association's analysis.

▪ The DEP fails to cite any outstanding matter that remained to be adjudicated following the entry of the April 16, 2010, order. Because the Surface Mine Board's April 16, 2010, order resolved the only outstanding issue and left nothing further to be adjudicated, this was a final order. "A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce

by execution what has been determined." Syllabus Point 3, in part, *James M.B. v. Carolyn M.,* 193 W.Va. 289, 456 S.E.2d 16 (1995).[12]

Finally, we note that the United States Supreme Court has addressed whether a second order, in an administrative proceeding, reaffirming an earlier order impacts the appeal period. The Supreme Court set forth the following test:

[T]he mere fact that a judgment previously entered has been reentered or revised in an immaterial way does not toll the time within which review must be sought. Only when the lower court changes matters of substance, or resolves a genuine ambiguity, in a judgment previously rendered should the period within which an appeal must be taken or a petition for certiorari filed begin to run anew. The test is a practical one. **The question is whether the lower court, in its second order, has disturbed or revised legal rights and obligations which, by its prior judgment, had been plainly and properly settled with finality.**

*Federal Trade Commission v. Minneapolis–Honeywell Regulator Co.,* 344 U.S. 206, 211–12, 73 S.Ct. 245, 97 L.Ed. 245 (1952) (Emphasis added.).

In the present case, the second order (June 7, 2010) did not disturb or revise any of the legal rights and obligations that were contained in the first order (April 16, 2010). The first order was a detailed twenty-page document reciting the procedural history of the two administrative appeals, the relevant facts underlying the appeals, and the precise reasons that the Association was entitled to a fee award pursuant to 38 C.S.R. 2–20.12.a.2. The second order was a two-paragraph summary denial of the DEP's motion for clarification. Because the second administrative order entered by the Board did not disturb or revise any of the relief contained in the first administrative order, the appeal period was not tolled.

---

**12.** We also note that *W.Va.Code* § 22B–1–9(a) provides that "Any person … adversely affected by **an order** made and entered by **a board** after an appeal hearing, held in accordance with the provisions of this chapter, is entitled to judicial review thereof." (Emphasis added.) The Sur-

face Mine Board's April 16, 2010, order was clearly "an order made and entered by a board after an appeal hearing" within the meaning of *W.Va.Code* § 22B–1–9(a). The order was thus subject to judicial review and the thirty-day time limit set forth in *W.Va.Code* § 29A–5–4(b).

## IV. Conclusion

Based on all of the foregoing, we find that the DEP failed to file a timely appeal of the Surface Mine Board's April 16, 2010, order. We therefore reverse the circuit court's April 8, 2011, order and reinstate the Surface Mine Board's April 16, 2010, order awarding fees to the Association.

Reversed.