# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Avon Hill Farms, Inc., a West Virginia corporation; and Mervin E. Roderick, II, Defendants Below, Petitioners**

**vs) No. 13-0977** (Jefferson County 06-C-368)

**Marlyn Keesecker and Lorelei Freshman, Plaintiffs Below, Respondents**

**FILED**

June 13, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners and defendants below, Avon Hill Farms, Inc., and Mervin E. Roderick, II, by counsel Richard G. Gay and Nathan P. Cochran, appeal the August 20, 2013, order of the Circuit Court of Jefferson County denying their West Virginia Rules of Civil Procedure 59(e) motion to alter or amend the circuit court's July 3, 2013, order allowing the sale of property by a special receiver or, alternatively, their motion for relief from judgment under Rule 60(b). Respondents and plaintiffs below, Marlyn Keesecker and Lorelei Freshman, by counsel William J. Powell, filed a response to which petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondents were shareholders in Petitioner Avon Hill Farms, Inc. ("Avon"), a closely held West Virginia corporation. Respondents Marlyn Keesecker and Lorelei Freshman, along with another shareholder, Betrinna Truitt, each owned a 9.52% interest in Avon.[1] The remainder of the shares (approximately 71.0%) was owned by Respondent Mervin E. Roderick, II.[2] At all times relevant, Avon was an on-going entity with its primary assets in real property in Jefferson County, West Virginia. In addition to being the majority stockholder, Roderick was the president

---

[1]The parties are siblings. Although Truitt was a named plaintiff in the underlying action, petitioners represent that she "disclaim[ed] interest in the suit below." Although she is not a respondent in the present appeal, for ease of reference, all three plaintiffs below will be collectively referred to as "respondents" herein.

[2] For ease of reference, Petitioners Avon and Roderick will be collectively referred to as "Roderick."

1

of Avon and was responsible for the handling of the business operations. It is undisputed that he owed a fiduciary responsibility to respondents, the minority shareholders.

In 2005, it was discovered by respondents that Avon property had been sold by Roderick for an amount in excess of $3,000,000.00, which triggered tax consequences to the minority shareholders.[3] On October 25, 2005, Keesecker and Truitt filed an application for order of inspection in the Circuit Court of Jefferson County, pursuant to West Virginia Code §§ 31D-16-1601 through 31D-16-1620 of the West Virginia Business Corporation Act. Respondent Freshman intervened in the action in April 2006. Respondents requested the production of corporate records for inspection. Roderick failed to respond and judgment was entered against them.

Preliminary review of the records indicated an unauthorized spending of Avon assets by Roderick. On August 31, 2006, the circuit court granted respondents' requests for a temporary restraining order to freeze the corporate assets and for the appointment of the Trust Department of the Bank of Charles Town to act as a General Receiver for Avon. An injunction freezing the corporate assets was subsequently granted.

On November 2, 2006, respondents filed a civil action alleging fraud, conversion, and breach of fiduciary duty by Roderick. They also sought dissolution of Avon and the appointment of a Special Receiver to assist in the winding up of the business affairs, pursuant to West Virginia Code § 31D-14-1432.[4]  Roderick failed to respond or otherwise appear and judgment

---

[3]According to the complaint, given that Avon was incorporated as a Sub-Chapter S corporation under the Internal Revenue Code, shareholders such as respondents "are subject to certain tax liabilities when Avon Hill has taxable income. Shareholders are also impacted when losses occur."

[4] West Virginia Code §31D-14-1432 provides, in relevant part, as follows:

(a) A circuit court in a judicial proceeding brought to dissolve a corporation may appoint one or more receivers to wind up and liquidate, or one or more custodians to manage, the business and affairs of the corporation. The circuit court shall hold a hearing, after notifying all parties to the proceeding and any interested persons designated by the circuit court, before appointing a receiver or custodian. The circuit court appointing a receiver or custodian has exclusive jurisdiction over the corporation and all of its property wherever located.
. . . .

(c) The circuit court shall describe the powers and duties of the receiver or custodian in its appointing order, which may be amended from time to time. Among other powers:
(1) The receiver: (A) May dispose of all or any part of the assets of the corporation wherever located, at a public or private sale, if authorized by the

2

was entered in favor of respondents on July 5, 2007. The circuit court appointed attorney John K. Dorsey as Special Receiver to conduct a full accounting of Avon's financial activities for the preceding five years and to make recommendations regarding damages. The circuit court also awarded damages and attorney's fees in amounts to be determined at a later date.

Thereafter, the Special Receiver submitted two reports to the circuit court within the course of eleven months and employed an accounting firm to examine Avon's records, which submitted its resulting financial reports to the circuit court on October 8, 2008. Evidence presented by the Special Receiver and the accountants substantiated the allegations in the complaint: that in 2004, with no prior notice to the minority shareholders, Roderick sold a significant piece of Avon property for over $3,000,000.00; that he used the profit from the sale to finance his personal lifestyle; that, according to the accountants, he made more than $500,000.00 in inappropriate unauthorized "distributions" of assets to himself between 2003 and 2007; and that $139,000.00 was "loaned" to or misappropriated by Roderick acquaintances. Additionally, Roderick used corporate assets to purchase vacation property and failed to insure Avon's Jefferson County farm house (where he lived), which subsequently burned to the ground.

By order entered December 30, 2008, the circuit court concluded that none of the foregoing transactions "were authorized, agreed to, or were otherwise in the best interests of Avon or the minority shareholders[;]" that "Roderick used the Avon assets as his own to the great detriment of the minority shareholders[;]" and that "Roderick's fraud and conversion [were] carried out in a willful, wanton[,] and reckless manner which also breached his fiduciary obligations to the minority shareholders and constitute[d] an improper conversion of property." The circuit court determined that respondents were entitled to damages, including attorney's fees, pursuant to West Virginia Code §31D-16-1604.

The circuit court further found as follows:

> [T]he fraud perpetrated upon the minority shareholders of Avon significantly devalued those shares as said value is determined by the value of the corporate assets in this closely held corporation. The damages awarded in accordance with this order are intended to compensate for the damage to the minority shareholders' share value by permitting the Special Receiver to sell assets to pay the damages awarded herein over the time necessary to obtain the maximum value for the minority shareholders. The court also notes the fraud occurred at a time in the real estate market when property was at its highest value, and that that value may never again be regained by the minority shareholders as the vast majority of the corporate value is in its real property. Hence, Mr. Roderick perpetrated his fraud at a time when he could gain the most from his improper activity, and the minority shareholders would be damaged the most. The court recognizes that the damages awarded may not return the full value to the minority shareholders of the damages caused by this fraud.

circuit court; and (B) may sue and defend in his or her own name as receiver of the corporation in all circuit courts of this State. . . .

Accordingly, the Court Orders as follows:

A. Special Receiver John K. Dorsey is to continue as Special Receiver pursuant to *W.Va. Code*, §31D-14-1432(c)(1). In that capacity, Mr. Dorsey is at all times to take that action he deems necessary to maximize remaining Avon assets for the benefit of its shareholders. Mr. Dorsey is to make distributions to the shareholders, Keesecker, Truitt, Freshman, and Roderick in 25% equal shares, as assets are liquidated. . . .The Court notes that the Plaintiffs mutually agree that Avon's real property should not be sold immediately, and the Court concurs, but it is in the Special Receiver's discretion on when would be the right time to sell the real property, and in what manner to do so to maximize the benefits to the shareholders. . . .

. . . .

C. Plaintiffs' Attorney's fees shall be paid by the Special Receiver as part of the initial distribution from Roderick's share of distribution as the court has found the requested fees to be reasonable and appropriate, that it was due to Roderick's conduct which caused the fees to be incurred and that Plaintiffs' fees and costs are specifically allowable by statute.

. . . .

F. The Court's finding of damages attempts to compensate the minority shareholders for their loss of share value, and to make the Plaintiffs whole. However, it should be noted that the court finds Roderick's conduct, as established by the uncontested evidence, more than sufficient to justify compensatory and punitive damages in excess of those awarded here.

On or about March 19, 2009, Roderick filed a Rule 60(b) motion to vacate the July 5, 2007, and December 30, 2008, orders for lack of jurisdiction, or, in the alternative, for relief from judgment, to which respondents filed a joint response. By order entered September 16, 2009, the circuit court denied Roderick's motion. Roderick did not appeal the circuit court's September 16, 2009, order.

On May 15, 2013, respondents filed a motion requesting that the circuit court allow the sale of 179.5 acres of Avon's property known as the Daily Farm. On May 30, 2013, Roderick filed a motion opposing the sale of the property.[5] By order entered July 3, 2013, the circuit court

_____

[5]The circuit court previously entered an order granting respondents' motion; however, because the order was entered before Roderick had an opportunity to respond to respondents' motion, the order was subsequently vacated.

granted respondents' motion to approve the sale of the farm, finding, inter alia, that respondents "seek[] to have the Farm sold so that distributions can be made to shareholders and taxes can be paid[;]" and further, that the "[s]ale . . . is consistent with the prior Orders of this Court regarding the work of the Special Receiver and is in the interest of the shareholders." The circuit court thus ordered that the Special Receiver is "(1) to take such actions as necessary to market and sell the Daily Farm, and (2) to deposit the monies obtained from such sale in an appropriate escrow account at his discretion for future distribution." Thereafter, on July 17, 2013, Roderick filed a Rule 59(e) motion to alter or amend the July 3, 2013, order or, in the alternative, a Rule 60(b) motion for relief from judgment. By order entered August 20, 2013, the circuit court denied Roderick's motions, concluding, inter alia, that they were "untimely and improper;" "seek to re-litigate aged and decided matters;" and "[t]he substance of the arguments for relief offer no merit for a change in judgment[.]"[6] This appeal followed.

Our review of the circuit court's order is governed by the following standard: "An appeal of the denial of a Rule 60(b) motion brings to consideration for review only the order of denial itself and not the substance supporting the underlying judgment nor the final judgment order." Syl. Pt. 3, *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). Therefore, "[i]n reviewing an order denying a motion under Rule 60(b), W.Va.R.C.P., the function of the appellate court is limited to deciding whether the trial court abused its discretion in ruling that sufficient grounds for disturbing the finality of the judgment were not shown in a timely manner." 157 W.Va. at 778, 204 S.E.2d at 86, at syl. pt. 4. Indeed, "[a] motion to vacate a judgment made pursuant to Rule 60(b), W.Va.R.C.P. is addressed to the sound discretion of the court and the court's ruling on such motion will not be disturbed on appeal unless there is a showing of an abuse of such discretion." 157 W.Va. at 778, 204 S.E.2d at 86, at syl. pt. 5.

Roderick raises three assignments of error challenging the circuit court's December 30, 2008, judgment order that, as discussed in detail above, concluded that Roderick committed fraud and conversion, breached his fiduciary obligation to the minority shareholders, and awarded damages and attorney's fees. As previously noted, Roderick timely filed a Rule 60(b) motion seeking relief from the December 23, 2008, judgment order, and that motion was denied by order entered September 16, 2009. It is undisputed that Roderick never appealed the circuit court's order denying his Rule 60(b) motion. In the present appeal, Roderick argues that the circuit court's July 3, 2013, order approving the marketing and sale of Avon assets (the Daily Farm) failed to recognize that the December 23, 2008, judgment order (1) "violate[d] West

---

[6] We note that Roderick's alternative Rule 59(e) and 60(b) motions were filed more than ten days after the circuit court's order approving the sale of the farm property. This Court has stated that "[i]f the motion is filed within ten days of the circuit court's entry of judgment, the motion is treated as a motion to alter or amend under Rule 59(e). If the motion is filed outside the ten-day limit, it can only be addressed under Rule 60(b)." Syl. Pt. 2, in part, *Powderidge Unit Owners Ass'n v. Highland Props., Ltd.,* 196 W.Va. 692, 474 S.E.2d 872 (1996). Therefore, we will address the circuit court's August 20, 2013, order denying Roderick's motions under Rule 60(b).

5

Virginia Law, including the mandates of *Garnes v. Fleming Landfill*[;]"[7] (2) "unlawfully delegate[d] judicial authority to the Special Receiver[,]" giving him unbridled discretion with regard to the sale and distribution of Avon assets; and (3) "create[d] an unlawful distribution of property in derogation of Roderick's private property rights." Roderick appears to acknowledge that an effort to now appeal the circuit court's September 16, 2009, order denying his Rule 60(b) motion, would be untimely,[8] given that he claims that the present appeal is "not a collateral attack" on the underlying December 23, 2008, judgment order. Rather, the essence of Roderick's arguments is that the July 3, 2013, order (the subject of this appeal) is a continuous, ongoing application of the circuit court's December 23, 2008, judgment order and "the culmination of the punitive effect" initiated by that order. We disagree and find no error.

The circuit court's September 16, 2009, order denying Roderick's Rule 60(b) motion was a final, appealable order,[9] "leav[ing] nothing to be done but to enforce by execution what has been determined." Syl. Pt. 1, in part, *Turner ex rel. Turner v. Turner*, 223 W.Va. 106, 672 S.E.2d 242 (2008). To that end, the appointed Special Receiver acted pursuant to his statutory authority and the authority conferred upon him by the circuit court's December 23, 2008, order. *See* W.Va. Code § 31D-14-1431(b) (authorizing circuit court to appoint receiver "with all powers and duties the circuit court directs. . . .") and West Virginia Code § 31D-14-1432. Having failed to appeal the September 16, 2009, order, Roderick may not now collaterally attack the order by creatively arguing that, in its July 3, 2013, order, the circuit court "failed to recognize" its "errors" in the December 23, 2008, underlying judgment order. *See Hustead on Behalf of Adkins v. Ashland Oil, Inc.*, 197 W.Va. 55, 60, 475 S.E.2d 55, 60 (1996) (stating that "[t]he Appellant admittedly chose not to file a direct appeal from the circuit court's final order. That decision resulted in the judgment becoming final and subject to the principles of res judicata."). We, therefore, find no abuse of discretion in the circuit court's August 20, 2013, order that approved the marketing and sale of the Daily Farm.

The fourth and final assignment of error raised by Roderick is that the circuit court's order approving the marketing and sale of the Daily Farm failed to "recognize that the sale is untimely because real estate values are low" and, therefore, would be detrimental to all parties. Roderick argues that allowing the sale of the property at this time directly violates the circuit court's December 23, 2008, order, which ordered the Special Receiver "to maximize remaining Avon assets for the benefit of its shareholders." Roderick contends that, given that "[c]urrent

---

[7] 186 W.Va. 656, 413 S.E.2d 897 (1991) (setting forth factors to be considered in awarding punitive damages).

[8] *See* W.Va.R.App.P. 5(f) (providing, in relevant part, that "[u]nless otherwise provided by law, an appeal must be perfected within four months of the date the judgment being appealed was entered in the office of the circuit clerk. . . ."); West Virginia Code § 58-5-4 (stating, in relevant part, that "[n]o petition shall be presented for an appeal from any judgment rendered more than four months before such petition is filed with the clerk of the court where the judgment being appealed was entered. . . .").

[9] *See Moten v. Stump*, 220 W.Va. 652, 657, 648 S.E.2d 639, 644 (2007) (stating that [t]he order denying [appellant's] Rule 60(b) motion was a final appealable order.").

expectations are that real estate values are improving[,]" the circuit court should not have approved a sale at that time.

In its December 23, 2008, order, the circuit court determined that "the Plaintiffs mutually agree that Avon's real property should not be sold immediately, and the Court concurs, but it is in the Special Receiver's discretion on when would be the right time to sell the real property, and in what manner to do so to maximize the benefits to the shareholders. . . ." In its July 3, 2013, order approving the marketing and sale of Avon property (entered four years after the December 23, 2008, order), the circuit court noted that the Special Receiver "does not object to the sale." Respondents argued below that the real estate market has improved[10] and that, as the corporation's assets are liquidated and distributed, the shareholders personally face significant potential tax liabilities. As noted above, Roderick argues simply that the circuit court should have waited for the real estate market to improve before approving the sale of the farm property. Roderick has failed to demonstrate that the circuit court abused its discretion denying his Rule 60(b) motion given that sufficient grounds for disturbing the finality of the order approving the sale and marketing of the Daily Farm were not shown. See *Toler,* 157 W.Va. at 778, 204 S.E.2d at 86, syl. pt. 4. We, therefore, conclude that the circuit court's August 20, 2013, order should be affirmed.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 13, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

---

[10] Petitioners' argument was supported by real estate market statistic reports for Jefferson County, West Virginia, from December 2008 through June 2013, indicating that average sale prices increased during that period.