# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Edward Hodgson and**
**Mary Ann Hodgson,**
**Plaintiffs Below, Petitioners**

**FILED**

**April 21, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)   No. 16-0495** (Randolph County 10-C-156)

**West Virginia Division of Corrections, a**
**State Agency, John/Mary Doe, and XYZ,**
**unknown Employees and Agent(s) of the Defendant,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Edward Hodgson and Mary Ann Hodgson (collectively, "petitioner"),[1] pro se, appeal the order of the Circuit Court of Randolph County, entered on April 22, 2016, refusing to reconsider its November 15, 2012, ruling from the bench that denied petitioner's motion to alter or amend an order entered on June 5, 2012. In the June 5, 2012, order, the circuit court awarded summary judgment to Respondents West Virginia Division of Corrections, John/Mary Doe, and XYZ, unknown Employees and Agent(s) of the Defendant (collectively, "respondents" or "DOC"), on petitioner's claim that the DOC was deliberately indifferent to his serious medical need. The DOC, by counsel Billie Jo Streyle, filed a summary response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Following his conviction for being a felon in possession of a firearm, petitioner served a term of incarceration in the DOC's custody from January of 2008 to June of 2010 when he was released on parole. From August 1, 2008, to August 19, 2008, the DOC housed petitioner at Huttonsville Correctional Center ("Huttonsville") in Randolph County, West Virginia. Following petitioner's transfer to Mount Olive Correctional Complex ("Mount Olive") on August 19, 2008,

---

[1]Petitioner Mary Ann Hodgson alleges only a derivative claim for loss of consortium.

1

he was placed in that facility's infirmary for injuries he incurred at Huttonsville.[2] In August of 2010, petitioner filed an action in the Circuit Court of Randolph County alleging that (1) DOC employees intentionally injured petitioner during his incarceration at Huttonsville; or, in the alternative, (2) DOC employees were deliberately indifferent to petitioner's harming himself while at Huttonsville. Petitioner sought a minimum of $1,000,000 in damages.

Following briefing and oral argument, the circuit court awarded summary judgment to the DOC on April 9, 2012, on petitioner's claims that DOC employees intentionally injured him. After another round of briefing and argument, the circuit court awarded summary judgment to the DOC on June 5, 2012, on petitioner's claim under Title 42, section 1983 of the United States Code that DOC employees were deliberately indifferent to his harming himself while at Huttonsville. In its June 5, 2012, order, the circuit court found that the DOC was not a proper defendant because a state agency was not a "person" for purposes of actions filed pursuant to section 1983. With regard to the individual respondents, the circuit court that, as DOC employees, they both possessed qualified immunity from petitioner's action and, as a matter of law, were not deliberately indifferent to his serious medical need during his incarceration at Huttonsville.

Following his retention of new counsel, petitioner filed a motion to alter or amend the circuit court's June 5, 2012, order on June 19, 2012. In his motion, petitioner conceded that the DOC was not a proper defendant in a section 1983 action, but contended that his claim that the individual respondents were deliberately indifferent to his serious medical need should be decided by a jury. Petitioner acknowledged that he failed to identify any of the individual respondents. However, petitioner stated that, if his motion to alter or amend was granted, he would seek leave to amend his complaint to identify those DOC employees who were deliberately indifferent to his harming himself. To his motion, petitioner attached several witness statements taken during the DOC's internal investigation into the cause of his injuries while at Huttonsville.

The circuit court held a hearing on petitioner's motion to alter or amend the circuit court's June 5, 2012, order on November 15, 2012. The circuit court found that the motion was filed pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure on the ground that petitioner failed to file the motion within ten days of the entry of its June 5, 2012, order as required by Rule 59(e). Petitioner's attorney objected that the motion was timely filed under Rule 59(e), but conceded that the motion's purpose was to give the circuit court an opportunity to "change your mind." The circuit court denied petitioner's motion to alter or amend its June 5, 2012, order awarding respondents summary judgment on his claim that DOC employees were deliberately indifferent to his serious medical need. Although the circuit court instructed the DOC's attorney to prepare an order, no order was entered memorializing the court's November 15, 2012, ruling from the bench.

According to petitioner, he subsequently called the Circuit Clerk of Randolph County on March 1, 2016, and inquired as to when such an order would be entered by the circuit court.

---

[2]According to the shift commander who supervised petitioner's arrival at Mount Olive, petitioner "looked like he'd been beat up or in a car wreck, one of the two."

Shortly thereafter, on March 18, 2016, petitioner filed a motion for relief from judgment pursuant to Rule 60(b) reiterating the same arguments formerly raised in his June 19, 2012, motion to alter or amend the circuit court's June 5, 2012, order. By an order entered on April 22, 2016, the circuit court denied petitioner's March 18, 2016, motion on the ground that it would not reconsider its previous decision a second time.

Petitioner subsequently filed a notice of intent to appeal on May 20, 2016, and there is no dispute that petitioner perfected his appeal with regard to the circuit court's April 22, 2016, order denying his March 18, 2016, motion for relief from judgment on August 23, 2016. However, petitioner contends that he may also appeal the denial of his June 19, 2012, motion to alter or amend the judgment and (with it) the circuit court's June 5, 2012, award of summary judgment to the DOC on his section 1983 claim that DOC employees who were deliberately indifferent to his harming himself. The DOC counters that petitioner may appeal only the circuit court's April 22, 2016, order. We agree with petitioner.

We find that petitioner may appeal the denial of his June 19, 2012, motion to alter or amend the judgment and (with it) the circuit court's June 5, 2012, order based on the following two-step analysis. First, we find that petitioner's attorney at the November 15, 2012, hearing was correct that the June 19, 2012, motion was filed within the ten-day time frame specified in Rule 59(e) given that Rule 6(a) provides that "[w]hen the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded" from the computation of time. In syllabus point 7 of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995), we held that the timely filing of a Rule 59(e) motion suspends the finality of the order being challenged so that the four-month appeal time under Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4 does not begin to run until "the date of entry of the order disposing of the motion."

The second step of the analysis consists of determining the date of the entry of the order denying petitioner's June 19, 2012, motion to alter or amend the judgment. "The time for filing an appeal commences to run and is to be computed from the entry of any of the following orders: . . . granting or denying a motion under Rule 59[(e)] to alter or amend the judgment[.]" Rule 72, W.V.R.C.P.; *see also* Syl. Pt. 2, *Sothen v. Continental Assurance Co.*, 147 W.Va. 458, 128 S.E.2d 458 (1962) (same). In this case, no order memorializing the circuit court's November 15, 2012, ruling from the bench was entered. Therefore, we agree with petitioner that the circuit court's April 22, 2016, order denying his March 18, 2016, motion for relief from judgment also effectively denied his June 19, 2012, motion. Given that an order denying petitioner's Rule 59(e) motion was not entered until April 22, 2016, the appeal time with regard to the circuit court's denial of that motion as well as the circuit court's June 5, 2012, award of summary judgment did not begin to run until the entry of the April 22, 2016, order.

Given that the June 5, 2012, order awarding summary judgment to the DOC is under appeal, we utilize a de novo standard of review. Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W.Va. 430, 513 S.E.2d 657 (1998) (holding that standard of review applicable to an appeal from motion to alter or amend judgment "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed"). "A

3

circuit court's entry of summary judgment is reviewed *de novo.*" Syl. Pt. 1, *Painter v. Peavy,* 192 W.Va. 189, 451 S.E.2d 755 (1994). Rule 56(c) of the West Virginia Rules of Civil Procedure provides that summary judgment shall be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." With regard to the DOC itself, we find that the circuit court properly granted summary judgment as a matter of law because the DOC, "as an agency of the state[,] is not a 'person' under [section] 1983." *Pruitt v. West Virginia Dept. of Public Safety*, 222 W.Va. 290, 296, 664 S.E.2d 175, 181 (2008).

With regard to the individual DOC employee respondents, we find that they have discretion in the manner they care for an inmate's physical and mental health. *See United States v. DeCologero*, 821 F.2d 39, 42 (1st Cir. 1987) (stating that, "though it is plain that an inmate deserves *adequate* medical care, he cannot insist that his institutional host provide him with the most sophisticated care that money can buy.") (emphasis in original). However, a constitutional minimum exists in that deliberate indifference to an inmate's serious medical need "constitutes unnecessary and wanton infliction of pain which is proscribed by the prohibition on cruel and unusual punishment in the Federal and State Constitutions." Syl. Pt. 4, *Nobles v. Duncil*, 202 W.Va. 523, 505 S.E.2d 442 (1998). The standard an inmate must meet to demonstrate deliberate indifference by DOC employees is exacting: "To establish that a health care provider's actions constitute deliberate indifference to a prison inmate's serious medical need, the treatment, or lack thereof, must be so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Id.* at 526, 505 S.E.2d at 445, syl. pt. 5. The circuit court found both that the individual respondents were not deliberately indifferent to petitioner's serious medical need and that they had qualified immunity from petitioner's action. Given the existence of a constitutional minimum, we choose to decide this case on the basis of qualified immunity.

In syllabus point 11 of *West Virginia Regional Jail and Correctional Facility Authority v. A.B.*, 234 W.Va. 492, 766 S.E.2d 751 (2014), we set forth the standard for determining whether a state employee is entitled to qualified immunity from suit as follows:

> To the extent that governmental acts or omissions which give rise to a cause of action fall within the category of discretionary functions, a reviewing court must determine whether the plaintiff has demonstrated that such acts or omissions are in violation of clearly established statutory or constitutional rights or laws of which a reasonable person would have known or are otherwise fraudulent, malicious, or oppressive in accordance with *State v. Chase Securities, Inc.*, 188 W.Va. 356, 424 S.E.2d 591 (1992). In absence of such a showing, both the State and its officials or employees charged with such acts or omissions are immune from liability.

Given that qualified immunity affords immunity from having to undergo a trial rather than just a defense to liability, a claim of immunity, "where ripe for disposition, should be summarily decided before trial." *Hutchison v. City of Huntington*, 198 W.Va. 139, 147, 479 S.E.2d 649, 657 (1996) (footnote omitted).

Petitioner concedes that, during his delusional episodes at Huttonsville, he was "kept segregated [from other inmates]," monitored "via [video] surveillance," and checked on "in person

4

every fifteen minutes." We note that the DOC objects to petitioner's reliance on certain documents produced during its internal investigation in this appeal. However, we find that the witness statements taken during that internal investigation generally substantiate petitioner's concession that DOC employees took steps to keep him from harming himself during his delusional episodes.[3] Petitioner is merely upset that those steps proved inadequate to stop him from injuring himself to the extent that he was placed in the infirmary upon his transfer to Mount Olive. However, in light of petitioner's concession having evidentiary support in the record,[4] we find that a reasonable DOC employee at Huttonsville would not have known that his or her conduct was "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness," which is the standard petitioner would have to meet to prove a constitutional violation. *See* Syl. Pts. 4 & 5, *Nobles*, 202 W.Va. at 525-26, 505 S.E.2d at 444-45.[5] Therefore, we conclude that the circuit court did not err in awarding summary judgment to the individual respondents on the ground that they had qualified immunity from petitioner's action.[6]

For the foregoing reasons, we affirm the circuit court's June 5, 2012 order awarding summary judgment to respondent as well as the circuit court's April 22, 2016, order denying petitioner's Rule 59(e) motion to alter or amend the judgment and his Rule 60(b) motion for relief from judgment.

Affirmed.

---

[3]The record reflects the treatment plan was to expedite petitioner's transfer to Mount Olive because it was felt that Mount Olive was better equipped to treat mental health issues. The witness statements attached to petitioner's June 19, 2012, motion to alter or amend the judgment reflect that there was also a belief that petitioner was either "faking it" or being "manipulative."

[4]We find that the witness statements are not among the documents to which the DOC objects because the DOC included the witness statements in its supplemental appendix.

[5]Petitioner alleges that the effects of his injuries have proven to be permanent because he suffered a traumatic brain injury during his incarceration at Huttonsville. However, we find that the record contradicts that allegation. The nurse who assessed petitioner once he arrived at the Mount Olive infirmary told the investigator that petitioner presented with scratches, bruises, and black eyes that "didn't require" medical intervention. The nurse further stated that, during his stay at the infirmary, petitioner's mental condition improved.

[6]Petitioner's remaining argument is that the judge who awarded summary judgment in the June 5, 2012, order was later suspended from office due to misconduct. However, we note that the misconduct for which the judge was suspended had nothing to do with this case. Petitioner alleges that the judge also engaged in misconduct in this case by soliciting votes for her reelection during a court proceeding. The DOC counters that petitioner fails to support this claim with appropriate citations to the record. We agree with the DOC and decline to address this argument pursuant to Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure, which provides that we "may disregard errors that are not adequately supported by specific references to the record on appeal."

**ISSUED:** April 21, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6