# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Patricia A. Dilts,**
**Defendant Below, Petitioner**

**vs.)  No. 19-0678** (Morgan County 17-P-16)

**Cold Spring Forest Section I,**
**Plaintiff Below, Respondent**

**FILED**

**June 25, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Patricia A. Dilts, self-represented litigant, appeals the March 14, 2019, order of the Circuit Court of Morgan County directing the sale of one lot owned by petitioner to satisfy the liens on petitioner's lots held by Respondent Cold Spring Forest Section I Homeowners' Association, Inc ("respondent" or "homeowners' association"). Petitioner further appeals the circuit court's June 12, 2019, order denying petitioner's motion to alter or amend the March 14, 2019, order. Respondent, by counsel Joanna L-S Robinson, filed a response in support of the circuit court's orders. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's orders is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner owns Lot No. 1 and Lot No. 3 in the subdivision, Cold Spring Forest Section I, and is, by virtue of her ownership of lots therein, a member of the homeowners' association.[1] Since 2011, the parties have disputed respondent's authority to assess and collect fees, plus interest and costs, from members of the homeowners' association and to record liens on lots within the

---

[1]Both of petitioner's lots are co-owned by her husband Alan J. Dilts who was also a defendant in the underlying circuit court action. However, only petitioner appeals the circuit court's March 14, 2019, and June 12, 2019, orders.

1

subdivision when those fees go unpaid. In *DeBlasio v. Cold Spring Forest Sec. 1 Homeowners Ass'n, Inc.* ("*DeBlasio I*"),[2] Nos. 12-0652, 12-0686, and 12-0693, 2013 WL 3388227 (W. Va. July 8, 2013) (memorandum decision), this Court found:

> With respect to respondent's claim that Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts owed $200 for the 2011 annual road assessment, the [Circuit Court of Morgan County] ruled that "summary judgment must be granted for [respondent] for its claims for overdue assessment fees." The circuit court specifically found that respondent had both authority to collect the fees under the Declaration of Covenants and Restrictions and the standing to sue for them. The circuit court also noted that the respondent association is in good standing with the West Virginia Secretary of State and found that contrary to Petitioners' arguments, there was no cause to dissolve the respondent association pursuant to West Virginia Code § 31E-13-1330.

> The circuit court also granted the respondent association summary judgment on the Diltses's counterclaim that it has failed to repay or credit any surplus funds remaining after payment of or provision for common expenses. The circuit court ruled that any such claim "is wholly without merit."

> . . . .

> Also, the circuit court granted the respondent association default judgment, on its claim that Petitioner Alan J. Dilts and Petitioner Patricia A. Dilts owed $425 for damage caused to the graveled subdivision road, as a sanction against the Diltses's "continued and serious misconduct." Among the misconduct, the circuit court noted, were the following: (1) asserting frivolous claims; (2) making factual denials that lacked evidentiary support; (3) subpoenaing large numbers of people unrelated to the litigation; (4) filing ethics complaints against respondents' counsel; (5) attempting to create conflicts of interest; (6) manipulating procedure to join Petitioner DeBlasio so that he could act as their "attorney"; and (7) willfully deceiving the court.

*Id.* at *2 (Footnotes omitted). In *DeBlasio*, this Court affirmed the circuit court's May 7, 2012, order, adopting "the circuit court's well-reasoned findings," which included an award of attorney's fees and costs in the amount of $978.70 and post-judgment interest. *Id.* at *4.

In *In re Purported Lien or Claim Against DeBlasio* ("*DeBlasio II*"), No. 13-1306, 2014 WL 4289334 (W. Va. August 29, 2014) (memorandum decision), this Court affirmed the circuit court's November 6, 2013, order refusing to invalidate liens which were recorded on June 18, 2012, and which totaled "$10,544 for 'to date' collection costs for the unpaid annual assessments for 2011 and 2012." *Id.* at *1 n.3.

---

[2]Before his death, petitioner's son Keith William DeBlasio had an ownership interest in the family's lots.

In the instant action, respondent filed a petition in the circuit court on May 8, 2017, alleging that petitioner owed respondent a total of $44,906.75 in "unpaid annual assessments, fees[,] and costs" and unpaid attorney's fees and costs. Respondent alleged that a writ of execution was previously returned "with no property being found from which execution could be made." Accordingly, respondent requested that the circuit court direct the sale of petitioner's lots within the subdivision pursuant to West Virginia Code 38-3-9.[3]

On May 31, 2017, petitioner filed an answer, conceding that the circuit court's prior rulings in *DeBlasio I* established that respondent was "a homeowner's association incorporated under the laws of the State of West Virginia." Contrary to the circuit court's rulings in *DeBlasio I*, petitioner alleged that respondent never made proper annual and/or special assessments of her lots. Petitioner stated that she was preparing the lots owned by her for sale and that the sale of Lot No. 1 "alone" would generate sufficient proceeds for petitioner to pay any amount she "might" owe respondent.

The circuit court held a two-day bench trial on November 5, 2018, and January 25, 2019. Respondent presented the testimony of respondent's president and its treasurer. Petitioner testified on her own behalf. Both petitioner and respondent introduced exhibits into evidence. Following the trial, on February 28, 2019, petitioner and respondent each filed a proposed order. In the order proposed by petitioner, she asked the circuit court to vacate the circuit court's May 7, 2012, order that this Court adopted in *DeBlasio I* and to direct respondent to make new assessments of petitioner's lots for the years 2011 through 2019, including any special assessments.

By order entered on March 14, 2019, the circuit court noted that it considered "the credibility of the witnesses and the evidence presented." The circuit court found that at the time of trial, the total amount owed by petitioner in unpaid annual assessments, fees, and costs and unpaid attorney's fees and costs was $46,052.80. The circuit court accepted respondent's concession that the sale of only one of petitioner's lots "would satisfy [respondent's] lien[s]." Accordingly, the circuit court directed the sale of Lot No. 1.[4] On March 26, 2019, petitioner filed a motion to alter

---

[3]West Virginia Code § 38-3-9 provides:

The lien of a judgment may be enforced in a court of equity after an execution or fieri facias thereon has been duly returned to the office of the court or to the justice from which it issued showing by the return thereon that no property could be found from which such execution could be made: Provided, that such lien may be enforced in equity without such return when an execution or fieri facias has not issued within two years from the date of the judgment. If it appear to such court that the rents and profits of the real estate subject to the lien will not satisfy the judgment in five years, the court may decree such real estate, or any part thereof, to be sold and the proceeds applied to the discharge of the judgment.

[4]The circuit court appointed an attorney as a special commissioner to sell Lot No. 1, either through a realtor or by public auction, and to distribute the proceeds of the sale as directed by the court. The circuit court further found that respondent was entitled to its attorney's fees and costs (continued . . .)

or amend the circuit court's March 14, 2019, order. By order entered on June 12, 2019, the circuit court denied petitioner's motion as untimely filed.

Before considering the merits of petitioner's appeal, we address whether both the circuit court's March 14, 2019, order and its June 12, 2019, order are properly before us as petitioner did not file her appeal until July 22, 2019. Rule 59(e) of the West Virginia Rules of Civil Procedure provides that "[a]ny motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." According to Rule 6(a),

> In computing any period of time prescribed or allowed by these rules, by the local rules of any court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, or a legal holiday. When the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

Based on our review of the record, we find that petitioner's Rule 59(e) motion was timely filed and that the circuit court's finding to the contrary was erroneous.

In Syllabus Point 7 of *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995), we held that the timely filing of a Rule 59(e) motion suspends the finality of the order being challenged so that the four-month appeal time under Rule 5(f) of the West Virginia Rules of Appellate Procedure and West Virginia Code § 58-5-4 does not begin to run until "the date of entry of the order disposing of the motion." Rule 72 of the Rules of Civil Procedure provides that "[t]he time for filing an appeal commences to run and is to be computed from the entry of any of the following orders: . . . granting or denying a motion under Rule 59[(e)] to alter or amend the judgment[.]" *See* Syl. Pt. 2, *Sothen v. Continental Assurance Co.*, 147 W. Va. 458, 128 S.E.2d 458 (1962). Here, petitioner's Rule 59(e) motion suspended the finality of the March 14, 2019, order until the motion was denied in the circuit court's June 12, 2019, order. Therefore, we conclude that both orders are properly before us on appeal.

As to the merits of petitioner's appeal, we have held that the standard of review for a motion filed under Rule 59(e) "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). Accordingly, we apply the standard for reviewing an order entered following a bench trial, which provides as follows:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied.

---

in the instant action, but stated that it would determine the amount of fees and costs owed by petitioner at a later date. The circuit court designated its March 14, 2019, order directing the sale of Lot No. 1 as a final order, subject to immediate appeal, pursuant to Rule 54(b) of the West Virginia Rules of Civil Procedure.

The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a de novo review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

On appeal, petitioner lists several assignments of error, but provides little, if any, argument in support thereof. Accordingly, respondent argues that this Court should decline to consider petitioner's assignments of error. Rule 10(c)(7) of the Rules of Appellate Procedure provides that "[t]he argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W. Va. 294, 302, 470 S.E.2d 613, 621 (1996), *State v. Lilly*, 194 W. Va. 595, 605 n.16, 461 S.E.2d 101, 111 n.16 (1995) (finding that cursory treatment of an issue is insufficient to raise it on appeal).

Here, not only does petitioner provide little or no argument to support her assignments of error, but she also chose not to request preparation of the trial transcript for inclusion in the appellate record. In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we reasoned that this Court must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim." Therefore, we decline to address all but one of petitioner's assignments of error.

Petitioner argues that respondent lacked standing to file the instant action. Despite the noted deficiencies with petitioner's briefs, including her reply, we cannot ignore that this claim is barred by the doctrine of res judicata. Respondent argues that petitioner is barred from relitigating respondent's standing to file civil actions in furtherance of its authority to collect the fees it assesses on lots within the subdivision. We agree.

The standard for determining whether a party is precluded from relitigating an issue by the doctrine of res judicata is the following:

"Before the prosecution of a lawsuit may be barred on the basis of *res judicata*, three elements must be satisfied. First, there must have been a final adjudication on the merits in the prior action by a court having jurisdiction of the proceedings. Second, the two actions must involve either the same parties or persons in privity with those same parties. Third, the cause of action identified for resolution in the subsequent proceeding either must be identical to the cause of action determined in the prior action or must be such that it could have been resolved, had it been presented, in the prior action." Syllabus Point 4, *Blake v. Charleston Area Med. Ctr., Inc.*, 201 W. Va. 469, 498 S.E.2d 41 (1997).

Syl. Pt. 2, *Dan Ryan Builders, Inc. v. Crystal Ridge Dev., Inc.*, 239 W. Va. 549, 803 S.E.2d 519 (2017).

Here, there was a final adjudication on the merits in *DeBlasio I*, and petitioner does not allege that the circuit court lacked jurisdiction in that case. Furthermore, the parties were the same in *DeBlasio I* and in the instant action. Finally, the identical issue was raised in *DeBlasio I* when this Court adopted the circuit court's finding that "respondent had both authority to collect the fees under the Declaration of Covenants and Restrictions and the standing to sue for them." 2013 WL 3388227, at *2. Therefore, we conclude that the circuit court did not commit error in directing the sale of petitioner's Lot No. 1 to satisfy respondent's liens on petitioner's lots.

For the foregoing reasons, we affirm the circuit court's March 14, 2019, order and its June 12, 2019, order denying petitioner's motion to alter or amend the March, 14, 2019, order.[5]

Affirmed.

**ISSUED:** June 25, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

---

[5]With regard to the circuit court's June 12, 2019, order, we note that "[t]his Court may, on appeal, affirm the judgment of the lower court when it appears that such judgment is correct on any legal ground disclosed by the record, regardless of the ground, reason or theory assigned by the lower court as the basis for its judgment." Syl. Pt. 3, *Barnett v. Wolfolk*, 149 W. Va. 246, 140 S.E.2d 466 (1965). Here, while the circuit court denied the motion to alter or amend the March 14, 2019, order on the erroneous basis that the motion was untimely filed, it is proper to affirm the denial of the motion as the underlying March 14, 2019, order was correct.

6